104 F.3d 375
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James A. LESSARD, Petitioner,
v.
DEPARTMENT OF THE NAVY, Respondent.
 No. 96-3179.
 United States Court of Appeals, Federal Circuit.
 Dec. 6, 1996.
 
 Before ARCHER, Chief Judge, and NEWMAN, and MICHEL, Circuit Judges.
 DECISION
 ARCHER, Chief Judge.
 
 
 1
 James A. Lessard appeals from the October 24, 1995 decision of the Merit Systems Protection Board (Board), Docket No. BN-1221-95-0275-W-1,[1] dismissing his appeal for lack of jurisdiction. We affirm.
 
 DISCUSSION
 
 2
 Lessard filed a timely Individual Right of Action ("IRA") appeal to the Board claiming that the Department of the Navy, Portsmouth Naval Shipyard, Portsmouth, New Hampshire, retaliated against him for disclosing to the facility's Waste, Fraud and Abuse Office that certain agency officials had taken actions that he believed were illegal. Specifically, he charged Mr. Clines, Superintendent of Public Works, and Mr. Croteau, Assistant Superintendent, with falsifying pay records.
 
 
 3
 On August 30, 1990, Lessard was the acting general foreman in the boiler plant. Lessard noticed Daniel LaPointe, a supervisor, returned to work thirty-five minutes late from lunch. Lessard confronted LaPointe about his lateness and informed him that he would be put in leave-without-pay status for the thirty-five minutes. LaPointe contacted the department's top-level supervisor, Clines, about taking annual leave for the thirty-five minutes instead of being put on leave-without-pay status. Shortly thereafter, Clines instructed Lessard to change LaPointe's leave from leave-without-pay to annual leave. Lessard refused, so Croteau made the change in the records. Lessard contends that this change constituted an illegal falsification of pay records.
 
 
 4
 Lessard first called the Waste, Fraud, and Abuse Office to report this "alleged violation." On September 21, 1991, Lessard asked the Office of Special Counsel (OSC) to investigate the matter and order corrective action. Lessard entered into a settlement agreement, dated March 6, 1992, whereby Lessard withdrew all grievances (including his 1991 OSC filing) in return for an apology and payment. When LaPointe was later promoted, Lessard filed again with OSC on December 9, 1995, asserting that Clines promoted LaPointe instead of Lessard because of Lessard's initial complaint to the OSC. OSC declined to take corrective action on the second filing. Lessard appealed to the Board. The Board found that Lessard had not made a protected disclosure. The Board concluded that the evidence did not support a finding that Lessard had a reasonable belief that falsification had taken place. The Board found that Lessard knew that Clines had the legal authority to overrule a leave decision made by him in his capacity as acting general foreman. The Board cited Lessard's testimony that he only proposed putting LaPointe on leave-without-pay status and that Clines had extensive authority over the Public Works Department. Therefore, the Board found that Lessard did not have a reasonable basis for concluding that Clines' action in overruling his decision was illegal.
 
 
 5
 Pursuant to 5 U.S.C. § 7703(c), we must affirm a decision of the board unless it is (1) arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. Lessard has the burden of proving that he made a protected disclosure and that the disclosure was a contributing factor to the personnel action taken against him. 5 U.S.C. § 2302(b)(8). A disclosure is protected if the employee has a reasonable belief that he is disclosing a violation of law, rule, or regulation. 5 U.S.C. § 2302(b)(8)(A); Frederick v. Department of Justice, 73 F.3d 349, 352-54 (Fed.Cir.1996); Horton v. Department of Navy, 66 F.3d 279, 283 (Fed.Cir.1995).
 
 
 6
 The Board noted that there is no evidence supporting Lessard's claim that Clines or Croteau falsified LaPointe's pay records. The Board found that Lessard testified extensively about Clines' authority over the Public Works Department and that Lessard knew that Clines had the authority to overrule his decision with respect to LaPointe's leave.
 
 
 7
 The Board's holding that, under the circumstances, Lessard did not have a reasonable belief that Clines had illegally granted LaPointe's leave is supported by substantial evidence. Since Lessard did not have a reasonable belief that he was reporting a violation of law, he did not make a protected disclosure and is not covered by the Whistleblower Protection Act (WPA). Since there was no protective disclosure, there was no basis for a 5 U.S.C. § 2302(b)(9) IRA appeal. This Court has held that a section 2302(b)(9) disclosure may "serve as the basis for a section 2302(b)(8) disclosure only if they establish the type of fraud, waste or abuse that the WPA was intended to reach." Ellison v. Merit Sys. Protection Bd., 7 F.3d 1031, 1035 (Fed.Cir.1993). Therefore, the Board properly analyzed Lessard's IRA appeal pursuant to 5 U.S.C. § 2302(b)(8). We have carefully considered Lessard's other arguments and hold that they are without merit. Therefore, we affirm the Board's decision.
 
 
 
 [1]
 The October 24, 1995 initial decision of the administrative judge became the final decision of the Board on February 15, 1996 when the Board denied Lessard's petition for review