John D. HORTON, Petitioner,

v.

DEPARTMENT OF the
NAVY, Respondent.

John D. HORTON, Petitioner,

v.

DEPARTMENT OF TRANSPORTATION,
Respondent.

Nos. 94–3332 and 94–3355.

United States Court of Appeals,
Federal Circuit.

Sept. 12, 1995.

Rehearing Denied Oct. 11, 1995.

John D. Horton, pro se, submitted on the briefs.

Jeri Kaylene Somers, Attorney, Commercial Litigation Branch. Department of Justice, Washington, DC, submitted on the brief for the respondent in 94–3332. William C. Peachey, Attorney, Commercial Litigation Branch, Department of Justice, Washington, DC, submitted on the brief for respondent in 94–3355. With them on the briefs were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, and Mary Mitchelson, Deputy Director.

Before RICH, NIES, and NEWMAN, Circuit Judges.

Opinion for the court filed by Circuit Judge PAULINE NEWMAN. Separate opinion, concurring in the result, filed by Circuit Judge NIES.

PAULINE NEWMAN, Circuit Judge.

John D. Horton appeals two decisions of the Merit Systems Protection Board. In Docket No. SF1221900828–B–1 (Appeal No.

94–3332) the Board dismissed his individual right of action appeal from the Navy's termination of his civilian service during his probationary period as a librarian at a Marine Corps library at El Toro, California, and his ensuing non-selection for employment at a Marine Corps library at Iwakuni, Japan. In Docket No. BN1221910304–W–1 (Appeal No. 94–3355) the Board dismissed his individual right of action appeal of his non-selection for employment as librarian at the Coast Guard Academy. We affirm the Board decisions.

## I

Effective November 5, 1989, Mr. Horton was appointed to the position of Assistant Librarian in the Recreational Services Division of the Marine Corps Air Station at El Toro, California. The appointment was subject to completion of a one-year probationary period. Soon after his employment started, Mr. Horton criticized the behavior and performance of several persons on the library staff. This criticism was directed to the persons involved, including the Librarian, Mr. Horton's supervisor. The Librarian, in turn, issued warnings to him based on what she perceived as a confrontational attitude. In a Letter of Caution dated November 22, 1989 the Librarian mentioned "use of abusive language to a co-worker and her husband and for refusing to listen to me."

Mr. Horton soon sought another assignment. In April 1990 he was offered a position at the Marine Corps library in Iwakuni, Japan, conditioned upon a favorable background check by the Iwakuni hiring agency. This background check was in progress when on May 16, 1990 the Librarian at El Toro initiated the removal action, following an incident earlier that day between Mr. Horton and a member of the library staff in which, according to the agency's notice of removal, Mr. Horton "had a tantrum [instead] of politely asking" the staff member to terminate a personal phone call. Mr. Horton was advised that action was being taken.

The following day, May 17, 1990, Mr. Horton wrote to the Director, Assistant Director, and Librarian of the Recreational Services Division at El Toro, describing several past incidents of asserted misconduct by the library staff, including misconduct involving the Librarian. Included were disclosures that library employees were sleeping on the job, that there was inadequate supervision of employees, chronic tardiness, falsification of time cards, and failure to timely process over three thousand books.

Mr. Horton's employment was terminated effective June 1, 1990. The stated ground was that he "failed to meet the standards required for continued employment." See 5 C.F.R. §§ 315.803 and 315.804. The Marine Corps library at Iwakuni then withdrew its conditional offer, for the reason, according to the administrative judge's summary of the testimony, "that the conditional job offer to [Mr. Horton] was revoked once the agency became aware that he had been terminated during his probationary period at the El Toro Marine Corps Station."

Mr. Horton argues that he was removed for whistleblowing, based on the various complaints he had previously lodged with the persons involved, and disclosed in his letter of May 17, 1990. He sought corrective action from the Office of Special Counsel, a step required for persons such as probationary employees who have no right of appeal to the Board absent a prohibited personnel practice. See 5 U.S.C. § 1214(a)(3). The Office of Special Counsel conducted an investigation and denied relief. Mr. Horton then brought an individual right of action appeal to the Board, in accordance with 5 U.S.C. § 1221:

**5 U.S.C. § 1221(a)  Individual right of action in certain reprisal cases.**

(a) Subject to the provisions of subsection (b) of this section and subsection 1214(a)(3), an employee, former employee, or applicant for employment may, with respect to any personnel action taken, or proposed to be taken, against such employee, former employee, or applicant for employment, as a result of prohibited personnel practice described in section 2302(b)(8), seek corrective action from the Merit Systems Protection Board.

The Board held that no protected disclosure was made, and therefore that there was no prohibited personnel practice, and that nei-

ther the action at El Toro nor at Iwakuni was appealable to the Board.

### A

■ Reprisal against an employee for whistleblowing is prohibited by statute. 5 U.S.C. § 2302(b)(8) provides in pertinent part:

> 5 U.S.C. § 2302(b) Any employee who has the authority to take, direct others to take, recommend, or approve any personnel action, shall not, with respect to such authority—
>
> (8) take or fail to take, or threaten to take or fail to take, a personnel action with respect to any employee or applicant for employment because of—
>
> (A) any disclosure of information by an employee or applicant which the employee or applicant reasonably believes evidences—
>
> (i) a violation of any law, rule or regulation, or
>
> (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety....

Probationary employees are entitled to this statutory protection, *Eidmann v. Merit Systems Protection Board*, 976 F.2d 1400, 1407 (Fed.Cir.1992), as are applicants for employment. The burden of showing that a protected disclosure was made is upon the employee.

■ Mr. Horton states that he made four protected disclosures before the termination action was initiated on May 16, 1990. The Board found that Mr. Horton's three verbal disclosures made before his May 17 letter were not "whistleblowing" in terms of 5 U.S.C. § 2302(b)(8). We agree that these actions were not the "disclosure" contemplated by statute, for these criticisms were made directly to the persons about whose behavior Mr. Horton complained, ostensibly for disciplinary or corrective purposes. The purpose of the Whistleblower Protection Act is to encourage disclosure of wrongdoing to persons who may be in a position to act to remedy it, either directly by management authority, or indirectly as in disclosure to the press. Criticism directed to the wrongdoers themselves is not normally viewable as whistleblowing.

■ Similarly, the Board held that Mr. Horton's written reply to the Librarian's Letter of Caution early in his employment was not whistleblowing, although the Librarian was his supervisor, for the reply simply related Mr. Horton's version of the events about which he had been cautioned. The issue before the Board was not whether the Librarian had justifiably cautioned Mr. Horton; it was whether his reply was a protected disclosure. We agree that it was not.

■ Mr. Horton's first communication to officials outside the Library was his May 17 letter, sent the day after his removal was initiated. The administrative judge found that Mr. Horton's motivation in writing the letter was primarily an attempt to "shift blame, create discord, and evade imminent disciplinary action," and held on this ground that relief was not warranted. The administrative judge relied on *Fiorillo v. Department of Justice*, 795 F.2d 1544 (Fed.Cir. 1986), wherein this court held that in order to be protected under the Whistleblower Protection Act the employee's primary motivation for making the disclosure must be a desire to inform the public, and not for vindictiveness or personal advantage.

The Board, reviewing the administrative judge's decision, pointed out that *Fiorillo* was overruled by Congressional action in 1988. The legislative history of that enactment explains:

> In *Fiorillo v. Department of Justice*, 795 F.2d 1544, 1550 (Fed.Cir.1986), an employee's disclosures were not considered protected because the employee's "primary motivation" was not for the public good, but rather for the personal motives of the employee. The court reached this conclusion despite the lack of any indication in CSRA that an employee's motives are supposed to be considered in determining whether a disclosure is protected.
>
> The Committee intends that disclosures be encouraged. The OSC, the Board and the courts should not erect barriers to disclosures which will limit the necessary

flow of information from employees who have knowledge of government wrongdoing.

S.Rep. No. 413, 100th Cong., 2d Sess. 12–13 (1988). The Board thus eliminated the principal ground on which the administrative judge had relied in finding that Mr. Horton was not entitled to whistleblower status. The Board observed that Mr. Horton's disclosures in his May 17 letter, *e.g.* the frequent sleeping of employees on the job, falsification of time cards, and instances of gross mismanagement, "involve matters specified in section 2302(b)(8)." However, the Board found that these disclosures were not "based upon a reasonable belief of illegal activity or gross mismanagement," and thus did not meet all of the criteria of § 2302(b)(8). The Board appears to have reached this conclusion based primarily on the Board's view of the seriousness of the reported wrongdoing.

■ The statute requires only that the whistleblower had a reasonable belief that, for example, a rule or regulation had been violated, in order for the disclosure of such violations to be protected. Indeed, the Board's finding that the reported violations were "trivial" supports a reasonable belief on the part of Mr. Horton that violations in fact occurred. We take note that the evidence was mixed concerning the substance of the matters disclosed. For example, the library staff member admitted to the personal phone call that was the subject of the May 16 incident. The Board did not review this evidence from the viewpoint of Mr. Horton's "reasonable belief," but instead found that this single incident could not reasonably be viewed as wrongdoing. However, Mr. Horton's May 17 letter was not directed to a single phone call, but to a practice of excessive personal calls during work periods. Whether or not the reported violations were trivial, in the Board's view, does not deprive the discloser of the benefit of having made a protected disclosure.

■ The Board did hold that Mr. Horton's May 17 letter recited violations of rules or regulations and lapses of managerial responsibility which, on their face, are covered by § 2302(b)(8). The question before the Board was not whether there was in fact governmental wrongdoing; the question was whether Mr. Horton could have had a reasonable belief that there was. The Board apparently gave weight to the administrative judge's conclusion that Mr. Horton was not a credible witness. Mr. Horton's credibility is indeed relevant in determining his reasonable belief. However, in this case the administrative judge's credibility determination was intertwined with the finding that Mr. Horton's motivation was personal and vindictive. When the Board reversed, as a matter of law, the administrative judge's reliance on Mr. Horton's motivation, the accompanying credibility determination lost its support.

Applying the correct law, in light of the policy stressed by Congress upon overruling this court's holding in *Fiorillo,* we conclude that the Board's ruling that Mr. Horton could not have had a reasonable belief of wrongdoing was not supported by substantial evidence. Thus Mr. Horton's May 17 letter must be viewed as a protected disclosure.

## B

■ The employee must also show that the protected disclosure was "a contributing factor" in the adverse action:

5 U.S.C. § 1221(e)(1) Subject to the provisions of paragraph (2), in any case involving an alleged prohibited personnel practice as described under section 2302(b)(8), the Board shall order such corrective action as the Board considers appropriate if the employee, former employee, or applicant for employment has demonstrated that a disclosure described under section 2302(b)(8) was a contributing factor in the personnel action which was taken or is to be taken against such employee, former employee, or applicant. The employee may demonstrate that the disclosure was a contributing factor in the personnel action through circumstantial evidence, such as evidence that—

**(A)** the official taking the personnel action knew of the disclosure; and

**(B)** the personnel action occurred within a period of time such that a reasonable person could conclude that the dis-

closure was a contributing factor in the personnel action.

(2) Corrective action under paragraph (1) may not be ordered if the agency demonstrates by clear and convincing evidence that it would have taken the same personnel action in the absence of such disclosure.

The employee's showing that the disclosure was a contributing factor must be made by a preponderance of the evidence, and the agency's affirmative defense must be established by clear and convincing evidence. 5 C.F.R. § 1209.7.

In *Clark v. Department of the Army,* 997 F.2d 1466 (Fed.Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 920, 127 L.Ed.2d 214 (1994), this court held that the circumstantial evidence of an adverse personnel action taken soon after a protected disclosure was made, was insufficient to establish a *prima facie* case of reprisal. *Clark* was expressly overruled by Act of Congress, effective October 29, 1994, in Pub.L. No. 103–424, § 14, codified at 5 U.S.C. § 1221(e)(1)(A) and (B), *see supra.* Thus the circumstantial evidence of knowledge of the protected disclosure and a reasonable relationship between the time of the protected disclosure and the time of the personnel action will establish, *prima facie,* that the disclosure was a contributing factor to the personnel action. Although the Board's decision was made before *Clark* was overruled, we apply the law as it now stands.

It was established that the action to remove Mr. Horton was initiated on May 16, the day before the May 17 letter was written. Mr. Horton admitted that he knew that disciplinary action was being taken, when he made the May 17 disclosure. Since the May 17 disclosure can not have been a contributing factor to the action already initiated, this requirement of 5 U.S.C. § 1221(e)(1) was not met. The Board's denial of Mr. Horton's individual right of action appeal from the separation during his probationary period at El Toro must be affirmed.

### C

Mr. Horton also argues the merits of his termination at El Toro. However, absent appeal rights deriving from 5 U.S.C. § 2302(b)(8), Mr. Horton as a probationary employee has no right to appeal the merits of the termination action other than on the narrow grounds of 5 C.F.R. § 315.806 (appeal permitted when adverse action was based on marital status, partisan political reasons, or certain pre-employment conditions). No such ground is here asserted.

### D

Following Mr. Horton's termination at El Toro, the conditional offer of a comparable position at Iwakuni was withdrawn. Mr. Horton states that the wrongful termination at El Toro prejudiced his transfer to Iwakuni, and that wrongful communication of his whistleblowing was the reason for withdrawal of the Iwakuni offer. We have concluded that the termination at El Toro was not wrongful, in that Mr. Horton's protected disclosure was not a contributing factor to the termination action. However, we consider whether this disclosure was a contributing factor in the Iwakuni action.

The administrative judge found that "the conditional offer was withdrawn solely because the selecting officials at Iwakuni, Japan, were properly notified that appellant had been terminated for post-appointment reasons from his position at El Toro, California." Iwakuni officials testified before the administrative judge, as did Mr. Horton and other witnesses. There was no evidence to support a finding of either actual or constructive knowledge by the Iwakuni officials of Mr. Horton's May 17 letter. Iwakuni officials testified that the offer was withdrawn because Mr. Horton had been terminated for inadequate performance during his probationary period at El Toro. It was not improper for the Iwakuni officials to have been told of this termination. The testimony of the Iwakuni officials was found by the administrative judge to be credible, *see Hambsch v. Department of the Treasury,* 796 F.2d 430, 436 (1986) (credibility determinations are virtually unreviewable on appeal), and was not contradicted. The Board found that there was clear and convincing evidence, even assuming that whistleblower status had been

established, that the agency would have taken the same action. These findings meet the legal requirements of 5 U.S.C. § 1221(e)(1) and (2).

We discern substantial evidence, on appellate review, in support of the Board's decision. The Board's decision in Appeal No. 94–3332 is affirmed.

## II

 On May 18, 1990 the United States Coast Guard Academy in New London, Connecticut announced the position of Librarian. Mr. Horton applied. On July 17, 1990 another candidate was selected. Mr. Horton sought remedial action from the Office of Special Counsel, stating that the Librarian at El Toro had made "reprisal statements" against him and had provided the Coast Guard Academy with "constructive knowledge of protected disclosures." The Office of Special Counsel declined to act, and Mr. Horton brought an Individual Right of Action appeal.

The administrative judge found that Mr. Horton had not provided information in support of his allegations. Mr. Horton did not respond to a subsequent order of the full Board, which then held that Mr. Horton was precluded from raising a whistleblower claim. There was insufficient direct or circumstantial evidence to establish a *prima facie* case of reprisal. We also note that Mr. Horton was next on the selection register: an action inconsistent with reprisal. The record contains the Coast Guard Referral and Selection Register dated July 13, 1990; the Register lists five candidates, with Mr. Horton ranked third in preference. The notation "declined" was written next to the name of the first-ranked candidate. The second-ranked candidate accepted the position, the document recording the following reasons for the selection: "Had the most relevant experience. Also had the most experience of any candidate. Experience in instruction was particularly strong." Mr. Horton does not argue that he was better qualified for the position than the candidate selected.

Thus the Board's decision in Appeal No. 94–3355 must be affirmed.

*AFFIRMED.*

NIES, Circuit Judge, concurring in result.

I do not agree that the May 17, 1990, letter constitutes a protected disclosure. The first seven pages of the eight-page letter contain only complaints about Horton's coworker's actions on May 16, 1990. The disclosures relied on by the majority, which appear on the last page of that letter, are conclusory and entirely unsupported with any facts.

I agree with the Board's analysis of the record evidence and its conclusion that the evidence failed to support a finding that the appellant reasonably believed that his disclosure evidenced any of the situations recited in 5 U.S.C. § 2302(b)(8).