92 F.3d 1207
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James G. MEADOWS, Petitioner,
v.
DEPARTMENT OF AGRICULTURE, Respondent.
 No. 96-3100.
 United States Court of Appeals, Federal Circuit.
 July 16, 1996.
 
 Before MAYER, MICHEL, and SCHALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 James G. Meadows petitions for review of a final decision of the Merit Systems Protection Board, No. PH1221950088-W-1 (Nov. 22, 1995), which upheld agency personnel actions affecting Meadows. We affirm.
 
 
 2
 Meadows filed an individual right of action appeal (IRA) asserting that the Farmers Home Administration, Department of Agriculture, took personnel actions against him in retaliation for his engaging in protected activity under the Whistleblower Protection Act. See 5 U.S.C. § 2302(b)(8)(1994). The administrative judge determined that the board had jurisdiction over the appeal because Meadows had made a protected disclosure when he reported what he reasonably believed to be wrongful behavior by his supervisor. The administrative judge found, however, that the supervisor had not engaged in wrongful behavior, and that Meadows failed to prove any connection between the personnel actions affecting him and his protected disclosure.
 
 
 3
 We review the board's decision within precisely defined statutory limits. 5 U.S.C. § 7703(c) (1994); see Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). We must affirm the decision unless we determine it was (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c). Because of the narrow scope of our examination on appeal, the board's credibility determinations are virtually unreviewable. Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986). To prevail in his appeal before the board, Meadows had to prove by a preponderance of the evidence that retaliation for his protected disclosure was a contributing factor in the personnel actions. Horton v. Department of Navy, 66 F.3d 279, 283-84 (Fed.Cir.1995). He has not alleged any legal or procedural errors, so we look to see if there was substantial evidence to support the board's factual findings.
 
 
 4
 The administrative judge discussed each of Meadow's claims, weighed the evidence presented by the parties, and in each case concluded that he failed to meet his burden of proving that the agency took retaliatory action against him. There was substantial evidence to support the decision.