NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3294

MARGARET M. CONSIDINE,

Petitioner,

v.

NATIONAL CREDIT UNION ADMINISTRATION,

Respondent.

Margaret M. Considine, of Bethlehem, New Hampshire, pro se.

James R. Sweet, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Kenneth M. Dintzer, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3294

MARGARET M. CONSIDINE,

Petitioner,

v.

NATIONAL CREDIT UNION ADMINISTRATION,

Respondent.

Petition for review of the Merit Systems Protection Board in PH0432090173-I-1.

———————————————

DECIDED: February 16, 2010

———————————————

Before MICHEL, Chief Judge, PROST and MOORE, Circuit Judges.

PER CURIAM.

Margaret Considine appeals from a final decision of the Merit Systems Protection Board (Board) affirming a decision of the National Credit Union Administration (NCUA) to remove her from her position as a credit union examiner. See Considine v. NCUA, No. PH0432090173-I-1 (M.S.P.B. Apr. 22, 2009) (initial decision); Considine v. NCUA, No. PH0432090173-I-1 (M.S.P.B. July 4, 2009) (final order denying petition for review). For the reasons discussed below, we affirm.

BACKGROUND

Ms. Considine worked for NCUA as a credit union examiner at the Region I office in Albany, New York. On March 18, 2008, Joanne Black, Ms. Considine's supervisory examiner, sent Ms. Considine a Notice of Unacceptable Performance (Notice). The

Notice informed Ms. Considine that her overall performance had been found to be unacceptable with respect to critical elements one and two of her position: specifically, the "District Management, Supervision, and Problem Resolution" and "Job Related Knowledge and Skills" elements. The Notice informed Ms. Considine that she was being put on a 120-day performance improvement plan (PIP) and that action would be initiated to either demote or remove her from the Federal Service if she failed to raise her performance for critical elements one and two to a "Minimally Meets" level within the 120-day period.

On September 20, 2008, the associate regional director notified Ms. Considine that her performance had not improved under the PIP. Therefore, the associate regional director proposed to remove Ms. Considine from her position and from the Federal Service due to unacceptable performance. Ms. Considine responded to the notice of proposed removal both orally and in writing. On November 24, 2008, after considering Ms. Considine's arguments, the regional director issued a decision removing her from the Federal Service, effective November 28, 2008.

Ms. Considine appealed to the Board on December 29, 2008. In a detailed initial decision, the administrative judge (AJ) determined that NCUA had shown by substantial evidence that it properly removed Ms. Considine from her position for unacceptable performance. The AJ also determined that Ms. Considine failed to prove her affirmative defenses by a preponderance of the evidence. Therefore, the AJ affirmed NCUA's action removing Ms. Considine from the Federal Service. The AJ's initial decision became final after the Board denied Ms. Considine's petition for review. See Considine v. NCUA, No. PH0432090173-I-1 (M.S.P.B. July 4, 2009).

DISCUSSION

Ms. Considine appeals from the Board's final decision, and we have jurisdiction under 28 U.S.C. § 1295(a)(9). We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Under this standard of review, this court will not overturn an agency decision supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Lovshin v. Dep't of Navy, 767 F.2d 826, 844 (Fed. Cir. 1985) (en banc).

Ms. Considine argues on appeal that NCUA improperly removed her from her position. As the AJ observed, NCUA bore the burden of sustaining its decision to remove Ms. Considine for unacceptable performance pursuant to the provisions of Title 5, chapter 43 of the United States Code. To satisfy this burden, NCUA was required to prove by substantial evidence that: (1) the Office of Personnel Management [OPM] approved its performance appraisal system; (2) Ms. Considine's performance standards were communicated to her; (3) she failed to meet one or more critical element of her position; and (4) she was given a reasonable opportunity to improve her performance. See Belcher v. Dep't of the Air Force, 82 M.S.P.R. 230, 231-32 (1999).

With respect to the first factor, the AJ found that OPM approved NCUA's performance appraisal system by letter dated December 15, 2000. Although Ms. Considine now argues on appeal that the OPM letter related to outdated performance standards, she failed to raise this argument in the proceedings before the Board.

Therefore, we consider this argument to be waived.  See White v. DOJ, 328 F.3d 1361, 1372 (Fed. Cir. 2003).

With respect to the second factor, the AJ observed that Ms. Considine testified that the performance standards for her position had been communicated to her and that she understood critical elements one and two.  Further, although Ms. Considine did not argue that the standards for her position were invalid, the AJ examined the standards and concluded that they contained sufficient detail to allow Ms. Considine to accurately measure her performance and improve her performance rating.  In view of this evidence and the lack of any evidence to the contrary, the AJ's conclusion that NCUA communicated Ms. Considine's performance standards to her is supported by substantial evidence.

Turning to the third factor, the AJ observed that the Notice issued by Ms. Black provided Ms. Considine with detailed examples illustrating the ways in which she was not performing up to the "minimally meets" level for both elements.  He then reviewed the associate regional director's notice of proposed removal, which provided an in-depth discussion of each credit union examination Ms. Considine had worked on and the ways in which her performance on each was deficient.  The AJ further noted that each of Ms. Black, the associate regional director, and the regional director presented testimony evidencing Ms. Considine's deficient performance during the PIP.  Ms. Considine, on the other hand, testified primarily about issues unrelated to her job performance and acknowledged that she missed numerous deadlines.  Ultimately, the AJ concluded that NCUA's position was supported by extensive documentary evidence and witness testimony, and that its factual account was more persuasive than Ms. Considine's with

respect to the few disparities that existed.  Therefore, the AJ found that NCUA presented substantial evidence that Ms. Considine's performance warranted an unacceptable rating on critical elements one and two.  In view of the extensive record evidence supporting the AJ's conclusion, we find that its determination is supported by substantial evidence.

Finally, with respect to the fourth factor, the AJ observed that Ms. Black gave Ms. Considine 120 days to improve, rather than the standard 90 days.  Ms. Black also offered to provide Ms. Considine with substantial guidance, training, and feedback during the PIP, as stated in the Notice.  Ms. Considine contended that Ms. Black had not, in fact, followed through on these offers.  However, the AJ noted that the regional director's removal letter described various ways in which Ms. Black followed through with her offers of assistance and that Ms. Black also provided testimony regarding her efforts.  While we agree with Ms. Considine that the AJ's decision is based, at least in part, on a credibility determination, "the evaluation of and weight to be given to . . . [the] evidence in the record are judgment calls that rest primarily within the discretion of the Board."  Hall v. Dep't of the Treasury, 264 F.3d 1050, 1060 (Fed. Cir. 2001).  Therefore, substantial evidence supports the AJ's determination that NCUA proved by substantial evidence that Ms. Considine had a reasonable opportunity to improve and that NCUA met its burden of sustaining the removal of Ms. Considine for unacceptable performance.

Ms. Considine also argues that the AJ improperly denied her affirmative defenses of retaliatory action.  Ms. Considine alleges that NCUA removed her from her position in retaliation for: 1) grievances that she filed against her supervisors; 2) a 1999

appeal she made to the Board; and 3) various whistleblower activities. As the AJ correctly noted, Ms. Considine had the burden of proving her affirmative defenses by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2)(iii).

Ms. Considine first contends that NCUA removed her from her position in retaliation for numerous grievances she filed against her supervisors, which date from 1998 through the first half of 2008. The AJ determined that because NCUA had already established a non-retaliatory reason for removing Ms. Considine—namely, her unacceptable performance—the relevant inquiry was whether Ms. Considine had established, by a preponderance of the evidence, that her performance was a "mere pretext" for the removal. See Haddon v. Exec. Residence, 313 F.3d 1352, 1359 (Fed. Cir. 2002). The AJ found it "highly unlikely" that NCUA would have taken any retaliatory action towards Ms. Considine based on her grievances filed prior to 2005, due to their remoteness in time from the present removal action, their failure to mention any individuals involved in the present removal action, and Ms. Considine's failure to offer any evidence to the contrary. The grievances filed from 2005 to 2008 involved allegations against Ms. Black. However, the AJ found that Ms. Considine failed to show that any similarly-situated NCUA employee had received better treatment with respect to performance issues and that there was no evidence from which he might infer retaliatory intent. The AJ's analysis of the record on this point is sound, and his determination is supported by substantial evidence.

Next, Ms. Considine contends that her removal was part of a "pattern of reprisal" by NCUA in retaliation for a prior appeal she made to the Board. Ms. Considine's prior appeal involved a May 1999 decision to remove her from her position for unacceptable

performance. The administrative judge reversed the decision, finding that NCUA's performance standards were invalid. The AJ in the present action noted that although the regional director had participated in Ms. Considine's prior appeal, Ms. Black and the associate regional director had not been involved. Further, the AJ found that timing considerations weighed against retaliatory action, that her allegations about actions evidencing a "pattern" were conclusory and related to people not involved in the present removal action, and that she had not presented evidence of any similarly-situated employees that were better treated regarding performance issues. We cannot say that the record evidence cited by the AJ is not "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Lovshin, 767 F.2d at 844. Therefore, the AJ's determination is supported by substantial evidence.

Lastly, Ms. Considine argues that she was removed in reprisal for whistleblowing activities. As the AJ correctly recognized, to prove a claim for whistleblowing an employee must show by a preponderance of the evidence that she made a protected disclosure and that the disclosure was a contributing factor in the personnel action being appealed. Horton v. Dep't of the Navy, 66 F.3d 279, 282-83 (Fed. Cir. 1995). A protected disclosure includes any disclosure of information that an employee reasonably believes evidences "gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety." 5 U.S.C. § 2302(b)(8). The employee bears the burden of showing that a protected disclosure has been made. Horton, 66 F.3d at 282.

Ms. Considine relies on three sets of allegedly protected disclosures to support her whistleblower defense: 1) the various disclosures that formed the basis for her 1999

Board appeal; 2) complaints she made to the regional director regarding Ms. Black's conduct during Ms. Considine's examination of two credit unions; and 3) complaints she made to NCUA's central office regarding a mandatory meeting in Lowell, Massachusetts that Ms. Black scheduled during a snowstorm. The AJ found that Ms. Considine failed to establish that any disclosures made prior to 2000 were "contributing factors" to her removal. With respect to Ms. Considine's complaints about Ms. Black, the AJ found that the complaints could be considered a disclosure of "abuse of authority" if Ms. Considine reasonably believed that the disclosure indicated wrongdoing by Ms. Black. However, the AJ credited testimony from the NCUA about the actual course of events that occurred during the examinations, and therefore concluded that Ms. Considine could not have reasonably believed that Ms. Black engaged in wrongdoing. Finally, the AJ determined that Ms. Considine could not have reasonably believed that the Lowell meeting evidenced a "specific danger to public health or safety" because, among other reasons, Ms. Black authorized Ms. Considine to stay overnight at a hotel in Lowell to ensure her well-being. The AJ's determinations as to Ms. Considine's whistleblower claims are based on ample record evidence and permissible credibility determinations and, therefore, are supported by substantial evidence.

For the foregoing reasons, we affirm the final decision of the Board.

COSTS

No costs.