[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14048

_____

D. C. Docket No. 06-00002-CV-4

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 25, 2010
JOHN LEY
CLERK

PETER F. A. BROWN,

Plaintiff-Appellant,

versus

SECRETARY JANET NAPOLITANO,
Department of Homeland Security,
DEPARTMENT OF HOMELAND SECURITY,
UNITED STATES OF AMERICA

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(May 25, 2010)

Before BLACK, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff Peter Brown appeals the district court's grant of summary judgment

in favor of Defendant Janet Napolitano, Secretary, Department of Homeland Security on his Title VII retaliation claim and his non-discrimination civil service claims. On appeal, Brown argues that genuine questions of material fact remain on the issue of causation for his Title VII retaliation claim and that genuine questions of material fact on the issue of pretext preclude summary judgment. He also argues that summary judgment on his non-discrimination civil service claims should be reversed because evidence does not support the charges underlying his dismissal, the administrative judge erred in dismissing his affirmative defense based on whistleblowing, the administrative judge erred in dismissing his affirmative defense under 5 U.S.C. § 2302(b)(9)(D), the failure to conduct a proper investigation before his removal was harmful procedural error, and the administrative judge improperly excluded witnesses and improperly weighed mitigating factors.

After reading the parties' briefs, carefully reviewing the record, and having had the benefit of oral argument, we discern no reversible error and affirm.

## I. DISCUSSION

We review an order granting summary judgment de novo, applying the same legal standards that bound the district court and viewing all facts and reasonable inferences in the light most favorable to the nonmoving party. Callahan v. Point

Clear Holdings, Inc., 579 F.3d 1207, 1212 (11th Cir. 2009).  In a mixed case such as this, the standard of review on the discrimination claim is de novo, but all other non-discrimination claims are subject to the arbitrary and capricious standard. Kelliher v. Veneman, 313 F.3d 1270, 1275 (11th Cir. 2002).  Specifically, non-discrimination claims should be reviewed on the record and the agency action set aside if the agency's action, findings, or conclusions are: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."  5 U.S.C. § 7703(c).

A.    Title VII Retaliation

Brown argues that the district court erred in granting summary judgment against him with respect to his Title VII retaliation claim.  We have carefully considered plaintiff's numerous arguments in this regard, and the relevant parts of the record.   The crucial issue is whether or not Brown adduced sufficient evidence to create a genuine issue of material fact with respect to causation.   Because plaintiff's numerous challenges to the independence of Armstrong are wholly unpersuasive, we agree with the district court that Armstrong's independent evaluation of the evidence before him breaks the causal chain and insulates the decision from the retaliatory animus which the district court assumed on the part of

3

Clements and the other parties who recommended terminating Brown. See

Llampallas v. Mini-Circuits, Lab, Inc., 163 F.3d 1236, 1250 (11th Cir. 1998)

("When the employer makes an effort to determine the employee's side of the story

before making a tangible employment decision affecting that employee, however, it

should not be held liable under Title VII for that decision based only on its

employee's hidden discriminatory motives."). Brown adduced no evidence from

which a reasonable jury could find that Armstrong harbored any retaliatory animus

against plaintiff. Indeed, Armstrong did not even know about plaintiff's EEO

activities until plaintiff himself so advised Armstrong during his hearing before

Armstrong.

Brown's argument that the presumption of pretext granted by the district

court as a result of the spoliation of certain evidence precludes summary judgment

on his retaliation claim is without merit. In granting a rebuttable presumption of

pretext, the district court specifically reserved the question of whether Brown had

established a prima facie case of retaliation. Thus, that presumption, standing

alone, does not establish the causation element of a prima facie case of retaliation.

Moreover, we note that the district court did not pigeonhole evidence into different

inquiries. The district court considered all evidence relevant to the question of

causation, regardless of whether it was also relevant to pretext or any other element

4

the claim, and concluded that Brown had not established the causation element of his prima facie case. After thorough review, we agree.[1]

B.    Non-discrimination Civil Service Claims

1. Evidence Supporting the Charges Against Him

Brown argues that insufficient evidence supports the charges against him of insubordination and inappropriate conduct. We disagree. With regards to insubordination, the record establishes that Brown received a memo from his superiors ordering him to stop commenting on his qualifications on his lab reports, and that after receiving this memo, Brown still wrote "see memo" on several reports. In order to establish insubordination, an agency must show a willful refusal to obey an order of a superior that the employee was not entitled to disobey. Fleckenstein v. Dep't of Army, 63 M.S.P.R. 470, 473 (1994). We find eminently reasonable the AJ's conclusion that by writing "see memo" Brown intended to continue to communicate his belief regarding his qualifications. Thus, Brown disobeyed an order. Brown has failed to establish that he was entitled to disobey this order. With regards to inappropriate conduct, the record establishes that Brown sent an email questioning whether one of his superiors was "in a coma" or

---

[1]    The district court did not abuse its discretion in refusing to strike the declarations of Cipolla and Pignone.

5

had been "led down a garden path." Again, we find the AJ's determination to be reasonable – i.e., that Brown's using a disrespectful tone, even assuming Brown was voicing legitimate complaints, was inappropriate conduct. In light of the foregoing, we conclude that the determination that Brown was insubordinate and engaged in inappropriate conduct was not arbitrary and capricious and was supported by substantial evidence.

2. Affirmative Defense of Whistleblowing

Brown next argues that his dismissal was in retaliation for certain protected whistleblowing disclosures. Under 5 U.S.C. § 2302(b)(8)(A)(i), the agency cannot take a personnel action against an employee because of "any disclosure of information by an employee . . . which the employee . . . reasonably believes evidences -- (i) a violation of any law, rule, or regulation." In order to prevail on a whistleblower claim, the claimant must establish that he made a disclosure protected by 5 U.S.C. § 2302(b)(8) and that disclosure was a contributing factor in the personnel action being appealed. 5 U.S.C. § 1221(e)(1); 5 C.F.R. § 1209.7(a). Even if the claimant meets that burden, however, corrective action is not necessary if the agency can show by clear and convincing evidence that it would have taken the same personnel action in the absence of the disclosure. 5 U.S.C. § 1221(e)(2); 5 C.F.R. § 1209.7(b); see also Horton v. Dep't of Navy, 66 F.3d 279, 283-84 (Fed.

6

Cir. 1995). The same action inquiry focuses on: "(1) the strength of the evidence supporting the personnel action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers, but otherwise similarly situated." Larson v. Dep't of Army, 91 M.S.P.R. 511, 515 (2002); see Carr v. Soc. Sec. Admin., 185 F.3d 1318, 1323 (Fed. Cir. 1999) (approving of three-factor inquiry).

We affirm the district court's judgment upholding the agency's rejection of Brown's affirmative defense of whistleblowing. Brown was terminated on the basis of his "see memo" notes on the worksheets or cover sheets related to his lab reports. Although the forums below have assumed that plaintiff's notations were protected under the whistleblower provisions, we conclude that the notations are not protected at all. It is clear that the "see memo" notations cannot constitute the required "disclosure." It is not likely that anyone other than the management which the notations were intended to criticize would have access to the notations and the memo referenced. However, in any event, the notations cannot constitute the required "disclosure," because they disclose nothing except to the supervisors to whom Brown was being insubordinate.

3. Affirmative Defense Under 5 U.S.C. § 2302(b)(9)(D)

Brown next argues that his dismissal was improper because Clements' order required him to violate the law. Under 5 U.S.C. § 2302(b)(9)(D), an agency cannot take a personnel action against an employee "for refusing to obey an order that would require the individual to violate a law." Brown's argument that Clements' order required him to violate the law is wholly unpersuasive. Because Brown has failed to show that following Clements' order required him to violate any law, he is due no protection under this section.

### 4. Harmful Procedural Error

Brown also argues that the agency failed to perform an independent fact finding investigation as required by its policies and that such failure was harmful procedural error. An agency's decision may not be sustained if the employee "shows harmful error in the application of the agency's procedures in arriving at such decision." 5 U.S.C. § 7701(c)(2)(A). Harmful error is defined as: "Error by the agency in the application of its procedures that is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. The burden is upon the appellant to show that the error was harmful, i.e., that it caused substantial harm or prejudice to his or her rights." 5 C.F.R. § 1201.56(c)(3). After reviewing the record, we conclude that the agency did not err in its application of the relevant procedure contained in "A Guide to

8

Good Conduct and Discipline Process." Moreover, even assuming any error in the application of the procedure, Brown has failed to convince us that such error was harmful in that it led to a different conclusion than would have been reached otherwise. The evidence underlying the charges against him was plainly captured in documentary form, and Brown has failed to establish that further fact finding would have uncovered evidence defeating either of the charges. Thus, the determination that the agency did not commit harmful procedural error is supported by substantial evidence and is not arbitrary and capricious.

5. Exclusion of Witnesses

Brown next argues that the AJ abused its discretion by excluding three witnesses. We disagree. The facts these witnesses proposed to testify to were either (1) already presumed in Brown's favor by the AJ or (2) irrelevant to the determinations at hand. Thus, the AJ did not abuse its discretion in excluding the witnesses.

6. Improper Weighing of Douglas[2] Factors

Brown finally argues that the AJ improperly weighed the Douglas factors when reviewing the agency's decision to terminate him. This argument is without merit. The record establishes that the AJ considered the relevant Douglas factors in

---

[2] Douglas v. Veterans Admin., 5 MSPR 280 (1981).

9

its review of the agency's decision.

## II. CONCLUSION

Based on the foregoing, the judgment of the district court is

AFFIRMED.