# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOHN EDWARDS ANDERSON,
Appellant,

v.

DEPARTMENT OF JUSTICE,
Agency.

DOCKET NUMBER
DC-1221-12-0544-B-1

DATE: September 21, 2015

## THIS ORDER IS NONPRECEDENTIAL[1]

Deryn Sumner, Esquire and Kevin L. Owen, Esquire, Silver Spring,
Maryland, for the appellant.

Margo L. Chan, Esquire and Susan E. Gibson, Esquire, Alexandria,
Virginia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in his individual right of action (IRA) appeal.  For the reasons discussed below, we GRANT the petition for review and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the regional office for further adjudication in accordance with this Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

Background and Procedural History

¶2        The appellant filed the instant IRA appeal challenging his reassignment from his position as the agency's Employee Assistance Program (EAP) Administrator to that of a Program Manager in the agency's Office of Tactical Operations based upon alleged whistleblower reprisal. *Anderson v. Department of Justice*, MSPB Docket No. DC-1221-12-0544-W-1, Initial Appeal File (W-1 IAF), Tab 1. In his appeal, the appellant alleged that he made a protected disclosure of a violation of law to several agency employees concerning a directive his supervisor issued, which he believed violated both the Privacy Act and the Health Insurance Portability and Accountability Act (HIPAA). *Id*. at 17. The appellant alleged that shortly after he made this disclosure, he was reassigned to the Program Manager position in reprisal for his protected whistleblowing.

¶3        The administrative judge initially dismissed the IRA appeal for lack of jurisdiction and, in a nonprecedential order, we remanded the appeal to the administrative judge, finding that the appellant nonfrivolously alleged that he made a protected disclosure of a violation of law under 5 U.S.C. § 2302(b)(8). *Anderson v. Department of Justice*, MSPB Docket No. DC-1221-12-0544-W-1, Remand Order (Jan. 22, 2014). Following remand, the administrative judge held a 3-day hearing and issued a remand initial decision denying the appellant's request for corrective action. Remand File (RF), Tab 33, Remand Initial Decision (RID). In his remand initial decision, the administrative judge found that, although the appellant made a protected disclosure of a violation of law, he could not establish that the deciding official had knowledge of his disclosure when he decided to reassign him. RID at 54-64. Specifically, the administrative judge credited the deciding official's testimony that he decided to reassign the appellant

on February 6, 2012, and that he first learned of the appellant's disclosure the following day when he received an email forwarded to him by the appellant's first-line supervisor. RID at 54, 65. The administrative judge thus found that the appellant could not establish that his disclosure was a contributing factor in the agency's decision to reassign him. RID at 64.

¶4 The appellant has filed a petition for review of the remand initial decision challenging the administrative judge's conclusion that the agency official decided to reassign the appellant 1 day before learning of his disclosure. Petition for Review (PFR) File, Tab 1 at 15-22. On review, the appellant argues that the deciding official testified equivocally as to when he actually decided to reassign the appellant, and he asserts that there is sufficient evidence in the record to satisfy the knowledge/timing test and establish the contributing factor element of his claim. *Id*. The agency has filed an opposition to the petition for review arguing that the administrative judge's factual and credibility determinations are entitled to deference and that the appellant has not proven that the deciding official knew of the disclosure when he made his decision to reassign the appellant. PFR File, Tab 3.

Standard of Review

¶5 In order to secure corrective action from the Board in an IRA appeal, an appellant must first seek corrective action from the Office of Special Counsel (OSC). *Aquino v. Department of Homeland Security*, 121 M.S.P.R. 35, ¶ 9 (2014). If an appellant exhausts his administrative remedies with OSC, he then must establish Board jurisdiction by nonfrivolously alleging that he made a protected disclosure and that the disclosure was a contributing factor in the challenged personnel action. *Id*. If an appellant establishes jurisdiction over his IRA appeal, he is entitled to a hearing on the merits of his claim. *Id*. To prevail on the merits of his claim, the appellant must prove by preponderant evidence (1) that he reasonably believed he made a protected disclosure concerning one or more categories of wrongdoing enumerated in section 2302(b)(8), and (2) that his

protected disclosure was a contributing factor in the challenged personnel action. *Id.*, ¶ 10.

¶6    If the appellant makes such a showing, the burden shifts to the agency to prove by clear and convincing evidence that it would have taken the same action in the absence of the disclosure. *Id.*; *see* 5 U.S.C. § 1221(e)(2). In determining if an agency has met this burden, the Board will consider the following factors: (1) the strength of the agency's evidence in support of the action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. *Lu v. Department of Homeland Security*, 122 M.S.P.R. 335, ¶ 7 (2015) (citing *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999)). The Board does not view these factors as discrete elements, each of which the agency must prove by clear and convincing evidence. Rather, the Board will weigh the factors together to determine whether the evidence is clear and convincing as a whole. *Id.*

The appellant established by preponderant evidence that he made a protected disclosure.

¶7    The administrative judge found, and we agree, that the appellant established by a preponderance of the evidence that he reasonably believed he made a protected disclosure of a violation of law under section 2302(b)(8). RID at 17-18. The record reflects that the appellant's first-line supervisor requested that he provide a weekly accounting of his work assignments, including certain information about the cases he was working on and the issues presented by the employees who sought EAP assistance. *See* RF, Tab 8 at 17-18. In response, the appellant asserted that he believed the disclosure of such detailed information violated both the Privacy Act and HIPAA, and he declined to provide the requested information. *Id.* at 16-17. We concur with the administrative judge that the appellant reasonably believed he made a protected disclosure of a

violation of law under section 2302(b)(8) when he opposed his supervisor's request for information that he believed violated the Privacy Act and HIPAA. *See Herman v. Department of Justice*, 115 M.S.P.R. 386, ¶ 10 (2011) (finding a disclosure was protected based on an alleged violation of the Privacy Act); RID at 17-18.

<u>The appellant established by preponderant evidence that his protected disclosure was a contributing factor in his reassignment.</u>

¶8      To establish the contributing factor criterion, an appellant must prove by preponderant evidence that the fact of, or content of, the protected disclosure was one fact that tended to affect the personnel action in any way. *See Carey v. Department of Veterans Affairs*, 93 M.S.P.R. 676, ¶ 10 (2003). As noted above, the most common way of proving this element is through the knowledge/timing test, i.e., by showing that the official taking the action knew of the disclosure and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the action. *Id*.; *see* 5 U.S.C. § 1221(e)(1). The Board also has held, however, that there is no requirement that a deciding official change his decision to take a personnel action if he learns of an employee's disclosure after making such a decision to take an action. *See Finston v. Health Care Finance Administration*, 83 M.S.P.R. 100, ¶ 5 (1999).

¶9      Upon our review of the record, we cannot agree with the administrative judge that the appellant failed to establish that his disclosure was a contributing factor in his reassignment under the knowledge/timing test.[2] RID at 64. In support of his finding on the contributing factor element, the administrative judge found that the deciding official decided to reassign the appellant on February 6, 2012, and that he did not learn about the appellant's disclosure until he received a forwarded email from the appellant's supervisor the next day containing the

---

[2] A reassignment is one of the specific personnel actions listed in section 2302 that may form the basis of an IRA appeal. *See* 5 U.S.C. § 2302(a)(2)(A)(iv).

appellant's disclosure. RID at 54; *see* RF, Tab 8 at 16-17. The administrative judge thus credited the deciding official's testimony that he decided to reassign the appellant prior to learning about his whistleblowing disclosure, and he concluded that the appellant's disclosure could not have influenced the decision to take the challenged personnel action. RID at 54-64; *see Orr v. Department of the Treasury*, 83 M.S.P.R. 117, ¶ 15 (1999) (a protected disclosure made after a personnel action cannot serve as a contributing factor in the action), *aff'd*, 232 F.3d 912 (Fed. Cir. 2000) (Table).

¶10    Upon reviewing the deciding official's hearing testimony, however, we do not agree that the personnel action at issue was initiated or firmly decided upon by the deciding official prior to him learning about the appellant's protected disclosure.[3] Although we find no reason to differ with the administrative judge's findings that the deciding official credibly testified that he decided he wanted to reassign the appellant as of February 6th, the record reflects that the deciding official took no steps to initiate or implement that decision until after he learned of the appellant's disclosure. In support of our conclusion, we note that the deciding official did not contact or meet with the agency's general counsel's office about reassigning the appellant until several days after learning about the protected disclosure. *See* Hearing Compact Disc 2 (HCD-2); *see also* W-1 IAF, Tab 6 at 41. At the hearing, moreover, the deciding official testified that during his meeting with the Office of General Counsel he explored what other personnel actions, if any, he could take, and that he considered and rejected taking a

---

[3] The record demonstrates that the appellant first learned of his reassignment on February 21, 2012, and that a Standard Form 50 (SF-50) was issued making his reassignment effective February 26, 2012. *See* RF, Tab 8 at 49, 52. Both actions post-date the deciding official learning of the appellant's disclosure on February 7, 2012. *See id*. at 16; *but see Fox v. Department of the Army*, 120 M.S.P.R. 529, ¶ 22 (2014) (the date of an SF-50 is not necessarily the effective date of a challenged action).

performance-based action because of the amount of time it would take to effect such an action. HCD-2.

¶11    Based upon this testimony, we cannot conclude that the deciding official decided on a firm course of action, initiated the appellant's reassignment, or approved such an action prior to learning of the appellant's disclosure. *See, e.g.*, *Walker v. Department of the Army*, 119 M.S.P.R. 391, ¶ 12 (2013) (stating that the effective date of an adverse action is generally the date on which it was approved by an individual with proper authority) (citing *Vandewall v. Department of Transportation*, 52 M.S.P.R. 150, 155 (1991)); *Fickie v. Department of the Army*, 86 M.S.P.R. 525, ¶ 9 (2000) (finding that an action that was only "contemplated and in preparation" prior to a disclosure can serve as the predicate personnel action in an IRA appeal). Thus, under the knowledge/timing test, we find that the decision to reassign the appellant was made after the deciding official learned of the appellant's disclosure and that the disclosure may have had some effect on the deciding official's ultimate decision to reassign him. *See Carey*, 93 M.S.P.R. 676, ¶ 10 (finding that an appellant need only prove that the fact or content of the disclosure was one of the factors that tended to affect the personnel action in any way).

¶12    We further find inapplicable the principle that a deciding official need not change his decision to take a personnel action upon subsequently learning about an employee's protected disclosure for the first time. *See Dean v. Department of the Army*, 57 M.S.P.R. 296, 303 (1993) (stating that an agency may persist in taking disciplinary action decided upon prior to learning of a protected disclosure). As explained above, we find there is insufficient evidence in the record that the deciding official had firmly decided to reassign the appellant prior to learning of his disclosure; rather, we find that the deciding official continued to weigh and evaluate whether he would reassign the appellant or take some other action after learning of the disclosure. *See* HCD-2. Under these facts, where the decision to reassign the appellant had neither been initiated nor finalized prior to

the deciding official learning of the disclosure, the decision to reassign the appellant is not exempted from review under *Dean*. *See Fickie*, 86 M.S.P.R. 525, ¶ 9.

¶13    We similarly find this case distinguishable from *Horton v. Department of the Navy*, 66 F.3d 279, 284 (Fed. Cir. 1995), *superseded by statute on other grounds as stated in Day v. Department of Homeland Security*, 119 M.S.P.R. 589 (2013).    In *Horton*, the Federal Circuit found that the appellant could not establish the contributing factor element of his IRA appeal challenging his probationary termination because the termination action had been initiated 1 day prior to his disclosure.[4]  *Id.*   Here, by contrast, there is no evidence that the deciding official initiated or took any steps toward effecting the appellant's reassignment until after he learned of the disclosure.  HCD-2.  Thus, we find this case more analogous to *Fickie* where the appellant's reassignment was only contemplated by the deciding official and in its preliminary phase when he learned of the appellant's disclosure.  *See Fickie*, 86 M.S.P.R. 525, ¶ 9.

¶14    Accordingly, because the appellant's reassignment was neither initiated nor firmly decided upon at the time the deciding official learned of the appellant's disclosure, we do not agree that the appellant has failed to establish that his protected disclosure was a contributing factor in his reassignment under the knowledge/timing test.  We thus vacate the administrative judge's finding that the appellant failed to establish that his disclosure was a contributing factor in his reassignment under 5 U.S.C. § 1221(e)(1).

---

[4] The court in *Horton* further relied on the fact that the appellant made his disclosure after learning of his termination.  *See Horton*, 66 F.3d at 284.  Following the enactment of the Whistleblower Protection Enhancement Act of 2012 (WPEA), Pub. L. No. 112-199, 126 Stat. 1465, an employee's or applicant's motive for making a disclosure does not preclude it from being protected under section 2302(b)(8).  *See* 5 U.S.C. § 2302(f)(1)(C).  Although an appellant's motive for making a disclosure is immaterial under the WPEA, we note that there does not appear to be any evidence that the appellant was aware that the deciding official was considering reassigning him when he made his disclosure.

**The appeal is remanded to the administrative judge for an assessment of whether the agency would have reassigned the appellant in the absence of his disclosure under the clear and convincing standard.**

¶15      Having found that the appellant established that his protected disclosure was a contributing factor in his reassignment, the burden now shifts to the agency to establish by clear and convincing evidence that it would have taken the same personnel action in the absence of the protected disclosure.  *See* 5 U.S.C. § 1221(e)(2); *Aquino*, 121 M.S.P.R. 35, ¶ 25.  Because the administrative judge concluded that the appellant failed to establish the contributing factor element of his claim, he made no findings on the clear and convincing issue.  RID at 64 n.67.  Based upon the nature and timing of the agency's action and the appellant's disclosure, and the fact that the administrative judge heard more than 3-days of testimony, we believe the administrative judge is in the best position to make the necessary factual and credibility determinations in the first instance to decide if the agency has established by clear and convincing evidence that it would have taken the same action in the absence of the appellant's protected disclosure.  *See Mithen v. Department of Veterans Affairs*, 119 M.S.P.R. 215, ¶ 23 (2013) (remanding the clear and convincing issue to the administrative judge for, among other things, credibility determinations).  We accordingly remand the appeal to the administrative judge for an assessment of the clear and convincing issue under the standards articulated in *Whitmore v. Department of Labor*, 680 F.3d 1353, 1368 (Fed. Cir. 2012).  *See Mithen*, 119 M.S.P.R. 215, ¶ 24.  Because the administrative judge held a hearing in the matter and correctly informed the parties of their respective burdens of proof beforehand, we deem the record complete.  However, the administrative judge has the discretion to allow additional discovery and a supplemental hearing prior to issuing a new initial decision if he finds it necessary for proper adjudication.

**ORDER**

¶16     For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:              _____
                           William D. Spencer
                           Clerk of the Board

Washington, D.C.