NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MICHAEL N. OHNSTAD,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2015-3220

---

Petition for review of the Merit Systems Protection Board in No. SF-315H-15-0101-I-1.

---

Decided: February 3, 2016

---

MICHAEL N. OHNSTAD, Barstow, CA, pro se.

MICHAEL ANTON CARNEY, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before PROST, *Chief Judge,* MAYER and REYNA, *Circuit Judges.*

PER CURIAM.

Michael Ohnstad appeals the final decision of the Merit Systems Protection Board ("Board"), dismissing his petition for review for lack of jurisdiction. For the reasons discussed below, we affirm.

BACKGROUND

On October 21, 2013, Mr. Ohnstad was appointed to a term appointment as a maintenance worker at the Marine Corps Logistics Base in Barstow, California. The appointment was subject to the satisfactory completion of a one-year probationary period.

Mr. Ohnstad's employment was initially uneventful. On February 11, 2014, Mr. Ohnstad was provided with a performance review covering the period from the start of his employment through December 31, 2014. According to the review, Mr. Ohnstad's performance was acceptable in all respects. On May 4, 2014, Mr. Ohnstad was issued a "Notification of Personnel Action" that also stated that his work was acceptable. Mr. Ohnstad received no complaints about either his performance or behavior during this time.

Around February 2014, Mr. Ohnstad began having repeated confrontations with one coworker. After the confrontations began, Mr. Ohnstad complained to his supervisor multiple times. The complaints culminated in Mr. Ohnstad filing a Harassment/Discrimination Advisory Report on August 28, 2014 which was witnessed by his supervisor.

According to Mr. Ohnstad, his complaints were ignored and no action was taken in response to the report. However, on September 10, 2014, Mr. Ohnstad was counseled by his supervisor that he had been overly critical of his coworkers' performance and had been inappropriately complaining to other coworkers. Mr. Ohnstad

was informed that any complaints should be to his supervisor, and not to other employees.

On October 14, 2014, one week before the end of his probationary period, Mr. Ohnstad was provided written notice that his employment would be terminated. The notice listed a number of issues with his performance and inappropriate behavior, the earliest occurring on March 30, 2014, as grounds for dismissal.

Mr. Ohnstad subsequently filed an Individual Right of Action ("IRA") complaint with the U.S. Office of Special Counsel ("OSC") Disclosure Unit in which he detailed multiple instances of mismanagement and poor performance by his coworkers that he witnessed during the course of his employment. In response, the OSC, in a letter dated October 16, 2014, stated that he had alleged "wrongful termination, retaliation, unfair hiring practices, and a hostile work environment . . . [which] are considered prohibited personnel practices, which are reviewed by OSC's Complaints Examining Unit." Resp't's App. 33. The OSC further informed Mr. Ohnstad that the Disclosure Unit would take no additional action regarding his allegations.

The next month, Mr. Ohnstad petitioned the Board for review of the termination of his employment. In his petition, Mr. Ohnstad requested review of the termination and also asserted violations of the Whistleblower Protection Act ("WPA"), the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), and the Veterans Employment Opportunities Act ("VEOA"). Mr. Ohnstad subsequently withdrew his USERRA and VEOA claims.

While Mr. Ohnstad's petition was pending, the OSC Complaints Examining Unit sent him a letter closing his complaint. In the letter, the OSC explained that, because Mr. Ohnstad's employment was terminated during the probationary period, its review was limited to whether the

action was accomplished according to the proper procedure, and whether the action was undertaken for a reason that would constitute a prohibited personnel practice. The OSC also noted that, other than his own belief, Mr. Ohnstad had not presented any additional information to suggest that his employment had been wrongfully terminated.

In an initial decision, the Board found that it lacked jurisdiction to review the termination because Mr. Ohnstad was not an employee as defined by 5 U.S.C. § 7511(a)(1). The Board also found that it did not have jurisdiction over his WPA complaint because he had not exhausted his OSC remedy by raising any purportedly protected disclosures with the OSC.

Mr. Ohnstad petitioned for review of the Board's initial decision. After review, the Board affirmed the initial decision on July 24, 2015. This appeal followed.

DISCUSSION

We review the Board's determinations concerning jurisdiction de novo, and review any underlying factual findings for substantial evidence. *Parrott v. Merit Sys. Prot. Bd.*, 519 F.3d 1328, 1334 (Fed. Cir. 2008).

A

Appeals of adverse employment actions to the Board are governed by statute. Under 5 U.S.C. § 7513(d), an employee against whom an action is taken may appeal the action to the Board. For purposes of such an appeal, an "employee" is defined as an individual working in the competitive service "who is not serving a probationary or trial period under an initial appointment." 5 U.S.C. § 7511(a)(1)(A)(i). Thus, a person who is working during a probationary period is not considered to be an "employee" under this section.

This limitation does not mean that a probationer has no rights of appeal to the Board, but those rights are limited. During the probationary period, an agency may terminate a probationer based on their "work performance or conduct" by providing written notification that "as a minimum, consist[s] of the agency's conclusions as the inadequacies of [their] performance or conduct." 5 C.F.R. § 315.804(a). A probationer has a right to appeal such a termination only when the termination "was based on partisan political reasons or marital status." 5 C.F.R. § 315.806.

Here, Mr. Ohnstad does not dispute that his employment was terminated during his one-year probationary period. Consequently, Mr. Ohnstad was not an "employee" for purposes of § 7513(d).

Because Mr. Ohnstad was not an employee as defined by 5 U.S.C. § 7511(a)(1)(A), the Board would have jurisdiction over his appeal only if he alleged that his termination was based on partisan political reasons or his marital status. In his submissions, Mr. Ohnstad asserts that the termination was in retaliation for his complaints about a coworker's performance, and not politically motivated or based on his marital status.

Mr. Ohnstad argues that he should have been provided with additional process under 5 C.F.R. § 315.805, which requires advance notice of a proposed adverse action. Section 315.805 relates to terminations "based in whole or in part on conditions arising before [a probationer's] appointment" and not for terminations based on events taking place after an appointment. Thus, this regulation is inapplicable to Mr. Ohnstad's case.

Therefore, Mr. Ohnstad did not have a right of appeal to the Board under 5 U.S.C. § 7513(d) or 5 C.F.R. § 315.806.

B

Mr. Ohnstad has also raised a violation of the WPA as a basis for appeal before the Board. Unlike the general right of appeal, all employees, regardless of probationary status, are protected by the WPA. *See* 5 U.S.C. §§ 1221, 2105; *Horton v. Dep't of the Navy*, 66 F.3d 279, 282 (Fed. Cir. 1995). As we have stated:

> To maintain an IRA under the WPA, a petitioner must first establish Board jurisdiction by making non-frivolous allegations that: (1) the petitioner engaged in a whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8); and (2) based on the protected disclosure, the agency took or failed to take a personnel action as defined by 5 U.S.C. § 2302(a).

*Willis v. Dep't of Agric.*, 141 F.3d 1139, 1142 (Fed. Cir. 1998). In addition, a petitioner must show that administrative remedies, including those available through the OSC, have been exhausted. *Id.*

In his complaint to the OSC, Mr. Ohnstad provided a list of complaints against his former coworkers and examples of what he considered to be poor management and poor performance. Mr. Ohnstad did not mention his complaints to his supervisor, or the Harassment/Discrimination Advisory Report he had filed. The OSC referred Mr. Ohnstad's complaints to the Complaints Examining Unit after it determined that Mr. Ohnstad's complaint concerned prohibited personnel practices, and not protected disclosures under the WPA.

Mr. Ohnstad also asserts that since November 2014, he sent letters to multiple government agencies detailing improper actions by his coworkers and supervisors. However, because Mr. Ohnstad sent these additional disclosures after his termination, they cannot form the

basis of a WPA claim. *See id.* In addition, Mr. Ohnstad never brought these disclosures before the OSC.

Because none of the disclosures Mr. Ohnstad alleges as bases for his WPA claim were brought before the OSC, Mr. Ohnstad did not exhaust his remedies through the OSC.

Therefore, the Board did not have jurisdiction to review Mr. Ohnstad's WPA complaint.

CONCLUSION

For the foregoing reasons, we affirm the Board's decision and deny Mr. Ohnstad's request for remedies.

**AFFIRMED**

COSTS

Each party shall bear their own costs.