**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JEROME WADDELL LACY, SR., Appellant, | DOCKET NUMBER DC-1221-15-0902-W-1 |
| v. | |
| DEPARTMENT OF THE ARMY, Agency. | DATE: April 18, 2016 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jerome Waddell Lacy, Sr., Waynesboro, Virginia, pro se.

Michael E. Hokenson, Esquire, Fort Belvoir, Virginia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        The appellant was a GG-13, step 6 Intelligence Specialist for the agency in Seoul, South Korea. Initial Appeal File (IAF), Tab 7 at 85. In early 2008, he applied for, was selected for, and accepted a GG-12 position in Charlottesville, Virginia. *Id*. at 85, 87. Although the appellant came into his new position at the step 10 level, the highest step on the GG pay scale, this change in positions still resulted in a loss of pay, from $80,065 to $75,025. *Id*. at 85, 89.

¶3        On July 19, 2009, the agency changed the appellant's pay method category from grades and steps to pay bands under the Defense Civilian Intelligence Personnel System (DCIPS). *Id*. at 83. This action did not alter the appellant's rate of pay.[2] *Id*. Later that year, the appellant began seeking, through requests to management, correspondence with his congressional representative, and the equal employment opportunity process, retroactive pay from the agency based on his "highest previous rate."[3] IAF, Tab 1 at 10-11, Tab 4 at 5-14, Tab 7 at 17-74. All

[2] On March 25, 2012, the agency changed the appellant's pay method category back to grades and steps. IAF, Tab 6 at 81. This action similarly did not affect his rate of pay. *Id*.

[3] The Office of Personnel Management's regulations address the concept of "highest previous rate." 5 C.F.R. § 532.405. Under that section, an agency may use an

of these efforts were unsuccessful. *Id*. The appellant also filed a Board appeal about the matter, which the Board construed as a constructive reduction in grade and pay appeal and dismissed for lack of jurisdiction. *Lacy v. Department of the Army*, MSPB Docket No. DC-0752-14-0119-I-1, Final Order (Sept. 30, 2014).

¶4 Subsequently, the appellant filed a whistleblower complaint with the Office of Special Counsel (OSC), claiming that the agency's refusal to award him retroactive pay based on his highest previous rate was in retaliation for protected whistleblowing. IAF, Tab 1 at 12-19. OSC closed the appellant's file without taking corrective action, and the appellant filed the instant IRA appeal. IAF, Tab 1 at 4-6, 22. He did not request a hearing. *Id*. at 3. After the administrative judge issued a jurisdictional order, and the parties filed evidence and argument on the issue, IAF, Tabs 4-14, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction, IAF, Tab 16, Initial Decision (ID) at 1, 8. He found that the appellant failed to make a nonfrivolous allegation that the denial of higher pay was a personnel action, that he made a protected disclosure, or that any disclosure was a contributing factor in the agency's decision. ID at 5-8.

¶5 The appellant has filed a petition for review, disputing some of the administrative judge's findings. Petition for Review (PFR) File, Tab 1 at 3-4. The agency has filed a response, PFR File, Tab 4 at 4-10, and the appellant has filed a reply, PFR File, Tab 5 at 4-6.

¶6 To establish jurisdiction over an IRA appeal concerning whistleblower disclosures, an appellant must exhaust his administrative remedies before OSC and make nonfrivolous allegations that: (1) he engaged in whistleblowing activity by making a protected disclosure; and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel

---

employee's highest previous rate of pay in setting his current pay upon a change of positions.

action. *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001); *Rusin v. Department of the Treasury*, 92 M.S.P.R. 298, ¶ 12 (2002).

¶7     As an initial matter, we address the several documents that the appellant has filed along with his petition for review and his reply to the agency's response. We find that these documents provide no basis to disturb the initial decision because they are neither new nor material. *Cf.* 5 C.F.R. § 1201.115(d) (The Board may grant a petition for review if it contains new and material evidence). This evidence is not new because it all predates the initial decision, and it was either contained in the record below or lacks an explanation of why it was previously unavailable despite the appellant's due diligence. PFR File, Tab 1 at 5-6, Tab 4 at 11-28; *see Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (explaining that evidence that is already a part of the record is not new); *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (holding that the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence). This evidence is also not material because the appellant has not explained why he believes that it warrants an outcome different from that of the initial decision. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

¶8     Turning to the appellant's arguments, he appears to dispute the administrative judge's finding that his disclosure was not protected. PFR File, Tab 1 at 3-4. According to the appellant, his protected disclosures consisted of letters that he wrote to his congressional representative in October 2009 and January 2010, the National Academy of Public Administration in June 2010, and the Agency's Defense Civilian Intelligence Personnel System Evaluation Team in November 2011, as well as a video teleconference with a Pentagon official on February 17, 2010. IAF, Tab 12 at 4-5. As the appellant describes them, these disclosures pointed out a deficiency in the agency's implementation of DCIPS to

the extent that the agency implemented DCIPS without including a highest previous rate policy.  PFR File, Tab 1 at 3-4; IAF, Tab 12 at 4-5.

¶9    We agree with the administrative judge, however, that the appellant failed to make a nonfrivolous allegation that he reasonably believed that these disclosures evidenced any of the categories of wrongdoing in 5 U.S.C. § 2302(b)(8)(A).  ID at 5-6.  The appellant argues that the agency violated a law, rule, or regulation by unilaterally eliminating a highest previous rate policy that OPM established for the entire Federal workforce.  PFR File, Tab 1 at 3-4. However, OPM's regulations do not require agencies to afford their employees highest previous rate compensation.  Rather, they allow agencies to do so at their option, stating that an agency "may" fix the pay of an employee who has been reduced in grade at his highest previous rate.  5 C.F.R. § 532.405.  As noted by the administrative judge, the appellant's allegations indicate that he was aware that the provision for which he was advocating was not required by law or regulation.  ID at 7; IAF, Tab 13.  The appellant has provided no basis on review for disturbing the administrative judge's finding that a person in the appellant's position would not reasonably conclude that he disclosed evidence of a violation of law, rule, or regulation.

¶10    The appellant also asserts that the agency's failure to include a highest previous rate policy with DCIPS constituted gross mismanagement, a gross waste of funds, and an abuse of authority.  PFR File, Tab 1 at 3.  We disagree.  "Gross mismanagement" requires that a claimed error in the agency's adoption of or adherence to a policy be a matter that is not debatable among reasonable people. *White v. Department of the Air Force*, 391 F.3d 1377, 1383 (Fed. Cir. 2004).  We agree with the administrative judge that the appellant failed to make a nonfrivolous allegation that the policy dispute rose to that level.  ID at 7; *see Webb v. Department of the Interior*, 122 M.S.P.R. 248, ¶ 8 (2015).  Likewise, a "gross waste of funds" is a more than debatable expenditure that is significantly out of proportion to the benefit reasonably expected to accrue to the Government.

*Embree v. Department of the Treasury*, 70 M.S.P.R. 79, 85 (1996). The appellant has not explained how the agency's failure to adopt a highest previous rate policy for DCIPS would constitute a gross waste of funds, especially considering that declining to pay employees at their highest previous rate would actually appear to save the agency money. Finally, an "abuse of authority" is an arbitrary or capricious exercise of power by a Federal official or employee that adversely affects the rights of any person or results in personal gain or advantage to himself or to other preferred persons. *Murphy v. Department of the Treasury*, 86 M.S.P.R. 131, ¶ 6 (2000). We find that the appellant's debatable disagreements with the agency's policy decisions do not constitute nonfrivolous allegations of an abuse of authority. *See Mc Corcle v. Department of Agriculture*, 98 M.S.P.R. 363, ¶ 24 (2005).

¶11    Finally, the appellant does not appear to dispute the administrative judge's finding that, even if he made a protected disclosure and the agency's failure to pay him at the highest previous rate was a personnel action, he failed to make a nonfrivolous allegation of the contributing factor element. ID at 7-8. For the reasons explained in the initial decision, we agree with the administrative judge. ID at 7-8; *see Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 27 (2011) (finding that a disclosure made after a personnel action could not have been a contributing factor in the action). We acknowledge that the appellant continued to request and the agency continued to deny his requests for highest previous rate compensation even after he made the disclosures at issue. However, we find that the agency's subsequent refusal to change the decision that it reached before the appellant made his disclosures does not affect the contributing factor analysis. *Cf. Horton v. Department of the Navy*, 66 F.3d 279, 284 (Fed. Cir. 1995) (determining that a disclosure is not a contributing factor in a personnel action if the decision on the action was made before the disclosure, even if the action was not implemented until after the disclosure), *superseded by statute on other grounds as stated in Day v. Department of Homeland*

*Security*, [119 M.S.P.R. 589](link), ¶¶ 14, 18 (2013) (addressing what constitutes a protected disclosure); *Charest v. Federal Emergency Management Agency*, [54 M.S.P.R. 436](link), 440-41 (1992) (explaining that persisting in discipline decided upon before learning of protected disclosures does not, by itself, transform the discipline into a prohibited personnel practice).

¶12 As a result, we affirm the initial decision.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* [5 U.S.C. § 7703](link)(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, [931 F.2d 1544](link) (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under [5 U.S.C. § 2302](link)(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* [5 U.S.C. § 7703](link)(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode/htm.  Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.  Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.