NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FEIT ELECTRIC COMPANY, INC.,**

*Plaintiff-Petitioner*

**v.**

**CFL TECHNOLOGIES LLC,**

*Defendant-Respondent*

---

2020-110

---

On Petition for Permission to Appeal pursuant to 28 U.S.C. Section 1292(b) from the United States District Court for the Northern District of Illinois in No. 1:13-cv-09339, Judge Sharon Johnson Coleman.

---

**ON PETITION**

---

Before REYNA, BRYSON, and TARANTO, *Circuit Judges.*

TARANTO, *Circuit Judge.*

## O R D E R

Feit Electric Company, Inc. petitions for permission to appeal an interlocutory order certified by the United States District Court for the Northern District of Illinois. CFL Technologies LLC opposes the petition.  OSRAM

Sylvania, Inc., LEDVANCE, LLC, and General Electric Company (collectively, "*Amici*") move unopposed for leave to file a brief *amici curiae* in support of the petition.

The underlying proceedings involve two patents. As relevant here, Feit argued that one of the patents, U.S. Patent No. 6,172,464, is unenforceable for inequitable conduct as a result of issue preclusion, based on prior judgments so holding before this court significantly changed the law of inequitable conduct in *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276 (Fed. Cir. 2011) (en banc). The district court held that issue preclusion does not apply here, invoking the change-of-law exception to issue preclusion recognized in *Dow Chemical Co. v. Nova Chemicals Corp.*, 803 F.3d 620 (Fed. Cir. 2015), and other cases. The case is continuing.

Under 28 U.S.C. § 1292(b), a district court may certify that an order that is not otherwise appealable is one involving a controlling question of law as to which there is substantial ground for difference of opinion and for which an immediate appeal may materially advance the ultimate termination of the litigation. The district court in this case made that certification for its order denying issue preclusion. This court must exercise its own discretion in deciding whether to grant permission to appeal an interlocutory order. *See In re Convertible Rowing Exerciser Patent Litig.*, 903 F.2d 822, 822 (Fed. Cir. 1990). We deny such permission.

The petition for interlocutory appeal in this matter concerns only one of the patents at issue in the underlying proceeding. Moreover, Feit's argument for issue preclusion rests ultimately on a single contention based on a single case—that this court's decision in *Morgan v. Dep't of Energy*, 424 F.3d 1271 (Fed. Cir. 2005), which found issue preclusion despite a change-in-law argument, is inconsistent with *Dow* and other cases on the change-of-law exception. Feit and the *amici* read too much into

*Morgan*. All that *Morgan* rejected was a version of the change-in-law exception "so broad" that it would deny preclusion based on judicial decisions that merely "clarify earlier interpretations of a statute." 424 F.3d at 1276. It did not reject the higher standard for a result-altering intervening change in law required by *Dow Chemical*, which was applied in this case based on the significant change of law made by this court in *Therasense*.[1]

Having considered the petition and opposition thereto, we conclude that interlocutory review is not appropriate here.

Accordingly,

IT IS ORDERED THAT:

(1)  The petition for permission to appeal is denied.

(2) The motion for leave to file a brief *amicus curiae* is granted. The brief, ECF No. 12 (pages 9–27), is accepted for filing.

---

[1]    *Morgan* was necessarily limited to a broad possible exception, and rejected only that, not the narrower, more demanding exception set out in *Dow Chemical*. The intervening decisions, *Huffman v. Office of Pers. Mgmt.*, 293 F.3d 1341, 1348–49 (Fed. Cir. 2001), and *Willis v. Dep't of Agric.*, 141 F.3d 1139, 1143 (Fed. Cir. 1998), that this court cited in *Morgan*, 424 F.3d at 1276 n.1, were at most clarifications of the same principle of law already set forth in *Horton v. Dep't of the Navy*, 66 F.3d 279, 282 (Fed. Cir. 1995)—which both *Huffman* and *Willis* cited, and which was rendered *before* the earlier agency decision whose preclusive effect was in question. *See Morgan v. Dep't of Energy*, 81 M.S.P.R. 48, 50 (1999) (determination of protected status of certain disclosure made in 1996 and became final in 1997).

4      FEIT ELECTRIC COMPANY, INC. v. CFL TECHNOLOGIES LLC

FOR THE COURT

February 03, 2020
Date

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court

s35