**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JAMES THOMAS RYAN,
    Appellant,

  v.

DEPARTMENT OF DEFENSE,
    Agency.

DOCKET NUMBER
DC-1221-16-0264-W-1

DATE: May 30, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

James Thomas Ryan, Bel Air, Maryland, pro se.

Elizabeth E. Pavlick, Esquire, and Kevin Greenfield, Esquire, Washington, D.C., for the agency.

Emilee Collier, Esquire, Washington, D.C., for amicus curiae, Office of Special Counsel

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1  The appellant has filed a petition for review of the initial decision in this individual right of action (IRA) appeal, which denied his request for corrective

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

action. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to find that the appellant made protected disclosures, we AFFIRM the initial decision.

## BACKGROUND

¶2 The appellant, a Police Officer with the Pentagon Force Protection Agency, alleged in this IRA appeal that the agency improperly maintained several closed records of investigations (ROIs) involving him, which he claims represented a threat of discipline, in reprisal for several alleged protected disclosures, and in reprisal for activity protected under 5 U.S.C. § 2302(b)(9)(A)(i) and (b)(9)(C). Initial Appeal File (IAF), Tabs 1, 5, Tab 83 at 5. The administrative judge found jurisdiction over the appeal and, after holding a hearing, denied the appellant's request for corrective action, finding, among other things, that the appellant failed to meet his burden to establish by preponderant evidence that he made a protected disclosure. IAF, Tab 115, Initial Decision (ID) at 1, 7-12.

¶3 Concerning those alleged protected disclosures, the administrative judge found that a reasonable person in the appellant's position would not believe that

any of the disclosures alleged here evidenced a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. ID at 7-12. As iterated by the administrative judge, the appellant's disclosures included: (1) his December 24, 2014 email that a coworker was sleeping on the job and that another coworker had threatened to stab that coworker in the eye, IAF, Tab 82 at 7; (2) his December 24, 2014 email that a third coworker allegedly had failed to clear an alarm and his memorandum of the same day reporting that the same colleague had commented that "every time a law enforcement officer encounters an African-American, they kill him," and that such a statement jeopardizes her security clearance and that she should not have access to sensitive security information, IAF, Tab 42 at 7-8; (3) his December 26, 2014 memorandum and subsequent email concerning his supervisor's statement that the appellant reportedly was not performing all of his duties, IAF, Tab 14 at 77, 79; and (4) his January 6, 2015 email and memorandum complaining that a coworker had been discourteous to him, *id.* at 81, 116; ID at 3-5.

¶4      Although the administrative judge did find that the appellant established that he had engaged in activity protected under 5 U.S.C. § 2302(b)(9)(A)(i) and 2302(b)(9)(C) by filing IRA appeals and complaints with the Office of Special Counsel (OSC), she went on to find that the appellant failed to show that this alleged protected activity contributed to any decision to retain the closed ROIs, citing testimony that such documents are usually retained indefinitely and the appellant's failure to introduce any evidence to show that the individuals responsible for retaining such documents had any knowledge of his alleged protected activity. ID at 12-13. She also found that the agency's decision to maintain the ROIs was not a personnel action under 5 U.S.C. § 2302(a)(2)(A) and did not constitute a threat of reprisal, citing less-than-preponderant evidence that the ROIs either could or should have been destroyed and, as noted above, the lack of any connection between the appellant's alleged protected activity and any

possible decision concerning the retention of the ROIs.  ID at 15.  Thus, she found that the indirect risk of future discipline based on the content of the ROIs is not a threat of discipline that would exempt these circumstances from the general rule that an investigation, in and of itself, is not a personnel action under 5 U.S.C. § 2302(a)(2)(A).  *Id.*

¶5    In his petition for review, the appellant contests many of the administrative judge's factual findings, for example, challenging her characterization of him as argumentative during one of the episodes at issue in this appeal and instead insisting that he had "merely informed" the acting floor supervisor that he was following orders from his supervisor.  Petition for Review (PFR) File, Tab 1 at 5-8.  He also challenges the administrative judge's finding that his disclosure involving a coworker sleeping on duty and a purported stabbing threat was motivated by interpersonal squabbling, rather than a desire to disclose significant Government wrongdoing, and argues that his disclosure reasonably showed a violation of a rule.  *Id.* at 8, 11-12, 16-17; ID at 8.  He offers what he describes as new evidence regarding that disclosure, claiming that the evidence was not available before the hearing because the administrative judge never asked him about the full circumstances of the episodes and improperly restricted his hearing testimony.  PFR File, Tab 1 at 11-15.  The appellant argues that several agency witnesses made false statements, explains why he believes that the administrative judge should have considered whether his supervisor perceived him to be a whistleblower, and essentially reargues his case.  *Id.* at 9-11, 15-24.

¶6    The agency responded in opposition to the appellant's petition for review, and the appellant filed a reply to the agency's response.  PFR File, Tabs 3-4.  Additionally, OSC filed a brief as amicus curiae, asserting that the administrative judge erred in considering the appellant's motivation in making one of his disclosures.  PFR File, Tab 5.  OSC observes that under 5 U.S.C. § 2302(f)(1)(C), "[a] disclosure shall not be excluded from subsection (b)(8) because . . . of the employee's or applicant's motive for making the disclosure," and asks the Board

to reaffirm that a whistleblower's motive does not affect whether a disclosure is protected. *Id.* at 5-9.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7　　When reviewing the merits of an IRA appeal,[2] the Board must determine whether the appellant has established by preponderant evidence that he made a protected disclosure that was a contributing factor in the agency's decision to take or fail to take a personnel action. *E.g.*, *Aquino v. Department of Homeland Security*, 121 M.S.P.R. 35, ¶ 10 (2014). A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. *Id.*; 5 C.F.R. § 1201.4(q). If the appellant meets that burden, the Board must order corrective action unless the agency can establish by clear and convincing evidence that it would have taken the same personnel action in the absence of the disclosure. *Aquino*, 121 M.S.P.R. 35, ¶ 10.

The appellant established that he made protected disclosures.

¶8　　The administrative judge found that the appellant's disclosures that he observed a coworker sleeping on duty and overheard another coworker threatening to stab the first coworker in the eye with a pen were not protected, in part because the appellant was motivated to get back at the coworkers involved for a perceived slight, rather than by whistleblowing. ID at 8. In its amicus brief, OSC correctly points out that the whistleblower statute specifically excludes considering the motivation of the individual making a disclosure. 5 U.S.C. § 2302(f)(1)(C); PFR File, Tab 5 at 5-6. Thus, the administrative judge erred in considering the appellant's motivation, and we hereby modify that finding. *See, e.g.*, *Johnson v. Department of Defense*, 87 M.S.P.R. 454, ¶ 10 (2000) (rejecting

---

[2] The administrative judge found that the appellant established jurisdiction over this IRA appeal. ID at 1. Neither party challenges this finding in a petition for review or cross petition for review, and we discern no basis to disturb it.

an administrative judge's finding that an employee did not have a reasonable belief because her activity was motivated by troublemaking). We also agree with the appellant that a reasonable person in the appellant's position would believe that his December 24, 2014 email concerning his observation of a coworker sleeping on duty evidenced a violation of a rule or regulation. PFR File, Tab 1 at 16-17; *see Horton v. Department of the Navy*, 66 F.3d 279, 281-83 (Fed. Cir. 1995) (finding protected a disclosure that employees were sleeping on the job), *superseded by statute on other grounds as stated in Day v. Department of Homeland Security*, 119 M.S.P.R. 589, ¶¶ 14-18 (2013); 5 C.F.R. § 2635.705(a) (requiring Federal employees to use official time in an honest effort to perform official duties). The administrative judge erred in finding otherwise, and we find that this was a protected disclosure.

¶9      The administrative judge also found that the appellant failed to show that his disclosure that another coworker threatened to stab a coworker in the eye with a pen was protected. The administrative judge observed that the appellant described the so-called threat as "apparent empty bragging" and that the appellant did not believe that the coworker was actually intending to stab the other coworker. The administrative judge concluded that a reasonable law enforcement officer in the appellant's position could not have believed that the threat of violence constituted a criminal assault. ID at 9. Although the administrative judge correctly found that the appellant did not hold a reasonable belief that violence was imminent, we nonetheless find that this disclosure was protected. As the appellant stated in his petition for review, he thought it constituted "threatening behavior" toward another Federal employee and that such behavior constituted a violation of an agency rule. Although the Whistleblower Protection Act does not define "rule," it includes established or authoritative standards for conduct or behavior. *See Rusin v. Department of the Treasury*, 92 M.S.P.R. 298, ¶¶ 15-17 (2002). Moreover, in making a disclosure involving a violation of law, rule, or regulation, there is no de minimis exception for disclosures falling within

the scope of 5 U.S.C. § 2302(b)(8)(A)(i).  *See Fisher v. Environmental Protection Agency*, 108 M.S.P.R. 296, ¶ 9 (2008); PFR File, Tab 1 at 15.  Under the facts and circumstances of this case, disclosing a threat of violence constituted a protected disclosure.

¶10     Concerning the appellant's remaining alleged disclosures, we agree with the administrative judge that the appellant failed to establish that a reasonable person would believe that his December 24, 2014 disclosure concerning a coworker's response to an alarm disclosed a violation of law, rule, or regulation, gross mismanagement, abuse of authority, or a gross waste of funds.  ID at 10.  The appellant identified no authority prescribing a particular rule or protocol, and, under these circumstances, we find that this is a dispute over policy and procedure rather than a protected disclosure.  *See Webb v. Department of the Interior*, 122 M.S.P.R. 248, ¶¶ 7-10 (2015) (holding that a disclosure of a policy disagreement that does not evidence the kind of misconduct listed in section 2302(b)(8) is not protected).  We also agree with the administrative judge that the appellant's email purportedly disclosing the same coworker's opinion regarding law enforcement officers killing African-Americans was not a protected disclosure.  ID at 10-11.  The appellant's conclusory assertion that his coworker's opinion on the issue should jeopardize her security clearance is not a protected disclosure.  Similarly, we agree that a reasonable person would not believe that the appellant's purported disclosures of December 26, 2014, and January 6, 2015, which we find concern his personal interactions with his coworkers, represented a violation of law, rule, or regulation, gross mismanagement, abuse of authority, or a gross waste of funds.  ID at 11-12.

¶11     Thus, we find the appellant made protected disclosures concerning his coworker sleeping on duty and a coworker threatening to stab another coworker in the eye with a pen, and we agree with the administrative judge's finding that the appellant engaged in activity protected under 5 U.S.C. §§ 2302(b)(9)(A)(i)

and (b)(9)(C) when he filed IRA appeals and OSC complaints that motivated some of the investigations at issue in this appeal. ID at 12-13 & n.14.

The appellant failed to identify a personnel action that the agency took in reprisal for his protected activity.

¶12    As noted above, the administrative judge found that the appellant failed to show that his protected activity contributed to any personnel action as described in section 2302(a)(2)(A). ID at 13-15. Indeed, she found no agency actions other than the investigations themselves, which she properly noted are not generally found to be personnel actions. ID at 14; *see Sistek v. Department of Veterans Affairs*, 955 F.3d 948, 955 (Fed. Cir. 2020); *Mattil v. Department of State*, 118 M.S.P.R. 662, ¶ 21 (2012). Although it is proper to consider evidence regarding an investigation if it is so closely related to an alleged personnel action that it would have been a pretext for gathering information to retaliate for whistleblowing, *see Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶ 18 n.4; *Mattil*, 118 M.S.P.R. 662, ¶ 21, here, we agree with the administrative judge that the appellant failed to show by preponderant evidence that his protected whistleblowing activity was a contributing factor in the agency's decision to take or fail to take any personnel action against him, ID at 14-16.

¶13    The appellant alleged here that the personnel action at issue is the agency's maintenance of the ROIs and the threat of discipline he contends that they represent. IAF, Tabs 1, 5, Tab 83 at 5. There is no other personnel action for which the investigations could have been a pretext. Moreover, the record fails to establish with any specificity the contours of the agency's policy on the retention of ROIs. ID at 15. Because there is nothing to indicate that the agency did anything inconsistent with its normal document retention protocol, the appellant failed to establish that the agency is improperly retaining the ROIs, much less that it is doing so in reprisal against him. Furthermore, the appellant established no connection between his protected activity and the officials in the agency's Office of Professional Responsibility who retain authority over the ROIs. ID at

15.    There is no evidence in the record to suggest that the agency's decision regarding the retention of the ROIs was in any way affected by the appellant's protected activity.  We find that the appellant failed to establish that the agency took, or failed to take, a personnel action against him concerning the ROIs.  Absent an underlying personnel action, we find that the appellant has not shown that the agency's investigations were a pretext for retaliation and therefore he has not shown that the investigations themselves constituted personnel actions.  *Skarada*, 2022 MSPB 17, ¶ 18 n.4.  Because the appellant failed to establish that the agency took or failed to take a personnel action under 5 U.S.C. § 2302(a)(2)(A), he has failed to make a prima facie case, and we therefore agree with the administrative judge's denial of the appellant's request for corrective action.   *E.g.*, *Aquino*, 121 M.S.P.R. 35, ¶ 10; *see Wadhwa v. Department of Veterans Affairs*, 111 M.S.P.R. 26, ¶ 9, *aff'd*, 353 F. App'x 434 (Fed. Cir. 2009), *overruled on other grounds by Hau v. Department of Homeland Security*, 123 M.S.P.R. 620, ¶ 16 (2016), *aff'd sub nom. Bryant v. Merit Systems Protection Board*, 878 F.3d 1320 (Fed. Cir. 2017).

¶14    Lastly, the appellant argues that the administrative judge erroneously limited the issues adjudicated in the appeal.  PFR File, Tab 1 at 21-24.  Based on the appellant's submissions, the administrative judge iterated the issues, as set forth above, in her prehearing conference summary.  IAF, Tab 83 at 5.  The appellant subsequently submitted a list of objections to the prehearing conference summary, and the administrative judge granted his motion to reconsider her denial of two of his witnesses, but he did not specifically contest the administrative judge's summary of the issues.  IAF, Tabs 87-88.  An issue is not properly before the Board when it is not included in the administrative judge's memorandum summarizing the prehearing conference, which states that no other issues will be considered, unless either party objects to the exclusion of that issue in the summary.  *Crowe v. Small Business Administration*, 53 M.S.P.R. 631, 634-35 (1992).  The administrative judge afforded the parties 5 days to lodge

their objections to the prehearing conference summary, IAF, Tab 83 at 8, and the record reflects that the appellant failed to do so concerning the issues set forth therein.

¶15 The appellant also asserts that the administrative judge should have considered whether the agency perceived him as a whistleblower. PFR File, Tab 1 at 22. In that regard, he also contends that the agency "failed to act on the evidence [he] presented in an effort to discredit [him] because they perceived the information as a protected disclosure." *Id.* at 19. When an appellant argues that an agency perceived him as a whistleblower, the Board analyzes the question of whether the appellant made a protected disclosure in a different fashion, asking whether agency officials believed that the appellant made or intended to make a disclosure, not whether the appellant reasonably believed he made a protected disclosure. *E.g.*, *King v. Department of the Army*, 116 M.S.P.R. 689, ¶ 8 (2011). In such a case, whether the appellant actually made a protected disclosure is immaterial, and the issue of whether the agency perceived him as a whistleblower essentially stands in for that portion of the analysis. *Id.* Nevertheless, such analysis has no effect on the other issues in the IRA appeal. *Id.*, ¶ 9. Even if the appellant could establish that the agency perceived him as a whistleblower, it would not change our determination that he failed to establish that the agency took or failed to take a personnel action under 5 U.S.C. § 2302(a)(2)(A) in reprisal for his protected activity. ID at 14-15.

¶16 Moreover, rather than identify the other issues that the administrative judge allegedly should have adjudicated, the appellant instead reargues the episode in which one of his coworkers threatened to stab the other with a pen. PFR File, Tab 1 at 22-24. He contends that the administrative judge improperly limited his testimony on the issue and implies that she was biased against him. *Id.* at 22. We disagree. Our review of the transcript indicates that the administrative judge instead sought to assist the appellant, who was pro se in this matter, with his direct testimony on the issue by asking him questions. Hearing Transcript,

Apr. 28, 2016, at 11-12, 18-22. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). In addition, an administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Here, the appellant fails to overcome the presumption, and the record does not indicate that any of the administrative judge's actions evidence such favoritism.

¶17      Accordingly, we affirm the decision as modified herein.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.