**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JASON B. POE,
            Appellant,

        v.

DEPARTMENT OF THE NAVY,
            Agency.

DOCKET NUMBER
SF-1221-13-0515-W-1

DATE: August 1, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jason B. Poe, Vista, California, pro se.

Thomas Cook, San Diego, California, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in this individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We MODIFY the initial decision to supplement the administrative judge's analysis concluding that the agency proved by clear and convincing evidence that it would have suspended the appellant absent his whistleblowing activity. Except as expressly modified by this Final Order, we AFFIRM the initial decision.

## BACKGROUND

¶2    In this IRA appeal, the appellant, an Engineer primarily employed in the agency's Small Business Innovation Research (SBIR) program of its Space and Naval Warfare Systems Command (SPAWAR), contended that the agency suspended him for 5 days in retaliation for his alleged protected disclosures involving agency contracts with SBIR contractors Metron and Western DataCom, and for filing complaints with the Equal Employment Opportunity Commission and the Office of Special Counsel (OSC). Initial Appeal File (IAF), Tabs 1, 16, 92. Concerning Metron, the appellant alleged that he disclosed that the contractor was double billing the Government because it was using the same computer code on multiple contracts. IAF, Tab 16 at 12-13. Concerning Western DataCom, the appellant made two disclosures—one involving the loss of funds on the contract and one regarding the potential loss of classified information—and both were

related to the consequences of the company's bankruptcy. *Id.* at 13-14. The administrative judge found that the appellant established jurisdiction over his appeal and, after holding a hearing, she denied his request for corrective action. IAF, Tab 113, Initial Decision (ID). She found that, even though he established that one of his disclosures was protected and was a contributing factor in the agency's decision to suspend him, the agency proved by clear and convincing evidence that it would have suspended him in the absence of that disclosure. ID at 19.

¶3      In his petition for review and supplements thereto, the appellant essentially reargues his case and attaches several documents. Petition for Review (PFR) File, Tabs 1-10. He also argues that the administrative judge was biased in favor of the agency. PFR File, Tab 1 at 9-12. In the narrative portion of his supplement, the appellant provides a timeline of his case and challenges the administrative judge's findings that he went outside of his chain of command and that he worked on SBIR matters in contravention of his supervisors' instructions. PFR File, Tab 3 at 4-17. The agency responds in opposition to the appellant's petition for review, and the appellant provides a reply to the agency's response. PFR File, Tabs 11-12.

## DISCUSSION OF ARGUMENTS ON REVIEW[2]

¶4      The administrative judge correctly determined that the protected disclosure and the personnel action in this matter occurred before the December 27, 2012 enactment of the Whistleblower Protection Enhancement Act of 2012 (WPEA), Pub. L. No. 112-199, 126 Stat. 1465. ID at 6 n.2. Therefore, we agree with her determination that the pre-WPEA standards concerning the scope of an IRA appeal apply in this matter. *Id.*; *see Scoggins v Department of the Army*,

---

[2] We have reviewed the relevant legislation enacted since the filing of this appeal and find that it does not impact the outcome.

123 M.S.P.R. 592, ¶ 7 (2016). We also agree with the administrative judge's decision to apply the WPEA's expanded definition of a protected disclosure, considering the Board's decision in *Day v. Department of Homeland Security*, 119 M.S.P.R. 589, ¶10-12 (2013), which found that this expansion constituted a clarification of—rather than a change in—existing law. ID at 6 n.2.

¶5       Under pre-WPEA law, in reviewing the merits of an IRA appeal, the Board will examine whether the appellant proved by preponderant evidence that he engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8) and that such whistleblowing activity was a contributing factor in an agency personnel action. *Mithen v. Department of Veterans Affairs*, 119 M.S.P.R. 215, ¶ 11 (2013). If so, the Board must order corrective action unless the agency establishes by clear and convincing evidence that it would have taken the same personnel action absent the disclosure. *Id.*

¶6       A protected disclosure for purposes of whistleblowing is one that the appellant reasonably believed evidenced gross mismanagement, a gross waste of funds, an abuse of authority, a substantial and specific danger to public health or safety, or any violation of a law, rule, or regulation. 5 U.S.C. § 2302(b)(8)(A). Gross mismanagement means a management action or inaction that creates a substantial risk of significant adverse impact upon the agency's ability to accomplish its mission. *White v. Department of the Air Force*, 63 M.S.P.R. 90, 95 (1994). Gross waste of funds constitutes a more than debatable expenditure that is significantly out of proportion to the benefit reasonably expected to accrue to the Government. *Van Ee v. Environmental Protection Agency*, 64 M.S.P.R. 693, 698 (1994).

¶7       To establish that the appellant had a reasonable belief that a disclosure met the criteria of 5 U.S.C. § 2302(b)(8), he need not prove that the condition disclosed actually established a regulatory violation or any of the other situations detailed under 5 U.S.C. § 2302(b)(8)(A)(ii); rather, the appellant must show that the matter disclosed was one that a reasonable person in his position would

believe evidenced any of the situations specified in 5 U.S.C. § 2302(b)(8). *Garst v. Department of the Army*, 60 M.S.P.R. 514, 518 (1994). The test for determining whether an employee's belief regarding the disclosed matter is reasonable is whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions of the agency evidence the wrongdoing disclosed. *Lachance v. White*, 174 F.3d 1378, 1381 (Fed. Cir. 1999).

<u>The appellant failed to establish that his disclosure of alleged double billing by Metron was protected.</u>

¶8      Regarding the appellant's first purported disclosure, that agency contractor Metron was double billing the Government by reusing source code it had written for one contract in subsequent contracts, the administrative judge found that the appellant failed to establish that a reasonable person in his position would have believed that Metron was double billing. ID at 10. In support, she cited the appellant's lack of evidence that Metron actually was reusing the same source code in multiple contracts, the detailed and straightforward testimony of agency officials that they had found no evidence of double billing, and the advice of agency legal counsel that Metron's ownership of the source code allowed it to reuse the code as a matter of right. ID at 9-11.

¶9      Irrespective of whether the appellant was alleging that this represented gross mismanagement or a gross waste of funds, the administrative judge found that the appellant failed to prove by preponderant evidence that a reasonable person in his position would believe that Metron actually was double billing the agency. ID at 8-9. We agree. Given the appellant's failure in this regard, we agree with the administrative judge that he failed to establish that he made a protected disclosure. *See Horton v. Department of the Navy*, 60 M.S.P.R. 397, 403 (1994) (finding that, because the record indicated no credible basis for the appellant's assertions of wrongdoing, he failed to establish that he made a

protected disclosure), *aff'd*, [66 F.3d 279](#) (Fed. Cir. 1995), *superseded by statute on other grounds, as stated in Day*, [119 M.S.P.R. 589](#), ¶¶ 14, 18.

<u>The appellant established that his disclosure of a gross waste of funds involving the Western DataCom contract was a contributing factor in the agency's decision to suspend him.</u>

¶10      The appellant asserted two alleged protected disclosures involving the Western DataCom contract:  (1) that Western DataCom committed fraud because the agency had paid over $1 million on the contract but never received the software product it contracted for; and (2) that Western DataCom possessed confidential agency information that could be lost as a consequence of its bankruptcy.  ID at 11; IAF, Tabs 1, 16, 92.  The administrative judge found that the appellant failed to establish the latter of those alleged disclosures, i.e., that Western DataCom's failure and bankruptcy represented gross mismanagement in the context of the agency's $7 billion small business contracting budget.  ID at 12-13.  She also found that the appellant failed to establish that the latter represented gross mismanagement because he failed to show that the agency's actions created a substantial risk of a significant adverse impact on its ability to accomplish its mission.  ID at 13.  We agree with the administrative judge's analysis.

¶11      By contrast, however, the administrative judge found that the appellant did establish that a reasonable person in his position would believe that the agency's expenditure of over $1 million in funds on the Western DataCom contract, without receiving any benefit in return, constituted a gross waste of funds, finding ample evidence to show that there was more than a debatable expenditure at issue.  ID at 13-14.  The administrative judge further found that, by virtue of the knowledge/timing test, this disclosure was a contributing factor in the agency's decision to suspend the appellant given that there was no dispute that both the proposing and deciding officials were aware of his disclosure and that

his suspension occurred less than 5 months after he made it.  ID at 14-15.  We agree.

### The agency established by clear and convincing evidence that it would have suspended the appellant in the absence of his whistleblowing activity.

¶12        In determining whether an agency has shown by clear and convincing evidence that it would have taken the same personnel action in the absence of the whistleblowing activity, the Board will consider the following factors:   the strength of the agency's evidence in support of its action; the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated.  *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999).  The Board does not view the *Carr* factors as discrete elements, each of which the agency must prove by clear and convincing evidence, but rather weighs the factors together to determine whether the evidence is clear and convincing as a whole.  *Phillips v. Department of Transportation*, 113 M.S.P.R. 73, ¶ 11 (2010).  Crucial to this analysis, the Board must consider all of the evidence, including that which fairly detracts from the conclusion that the agency met its burden.  *Whitmore v. Department of Labor*, 680 F.3d 1353, 1368 (Fed. Cir. 2012).

¶13        Regarding the strength of the agency's evidence in support of its action, we agree with the administrative judge's analysis that the appellant gave the agency ample reason to issue the suspension in question absent his whistleblowing activity based on the charges of:  (1) insubordination; (2) use of disrespectful language towards other personnel; and (3) failure to follow his chain of command.  ID at 17-18; *see Miller v. Department of Justice*, 842 F.3d 1252, 1257-58 (Fed. Cir. 2016) (referring to the agency's burden as a showing of "independent causation").  For example, regarding charge 2, the appellant's email provides strong evidence in support of the agency's decision to discipline him independent of any testimony.  *See Miller*, 842 F.3d at 1261.  Moreover, to the

extent the appellant argues that he was disciplined for the act of making his disclosure when he sent the email, both the U.S. Court of Appeals for the Federal Circuit and the Board consistently have held that engaging in protected activity does not shield an employee from discipline for wrongful or disruptive conduct like that established in this matter. *Carr*, 185 F.3d at 1326; *Russell v. Department of Justice*, 76 M.S.P.R. 317, 325 (1997).

¶14      Moreover, as to charge 1, the agency gave the appellant clear, written instructions to refrain from working on SBIR matters and the record reflects that he nevertheless continued to do so. ID at 16; IAF, Tab 5 at 201-04, 249, 255-59, 266, 294. The appellant's repeated defiance of this order provides strong evidence of his insubordination, i.e., the willful and intentional refusal to obey an authorized order that his supervisor was entitled to have obeyed. *See, e.g.*, *Phillips v. General Services Administratio*n, 878 F.2d 370, 373 (Fed. Cir. 1989). As to charge 3, the record reflects that the appellant sent an email to someone in his organization that he admits on review he previously did not know, PFR File, Tab 4 at 4, accusing that individual, as well as others, of serious misconduct, IAF, Tab 5 at 243-45. The appellant not only copied the SPAWAR Commander on the email, he also sought to follow up with the Commander in person, ID at 16; IAF, Tab 5 at 247, twice going outside the chain of command in an organization in which one would expect employees to respect such concerns regardless of the nature of the communication, ID at 16; *see Chambers v. Department of the Interior*, 116 M.S.P.R. 17, ¶ 55 (2011) (finding that going outside the chain of command may constitute a basis for disciplinary action). Therefore, the appellant's 5-day suspension appears to be a reasonable response by the agency to invoke progressive discipline in the context of the appellant's intentional and repeated refusal to follow his supervisor's August 11, 2011 instructions to cease nearly all of his work on SBIR matters and to use his chain of command properly. IAF, Tab 5 at 95-98, 132-35, 299.

¶15 In addition, as the administrative judge recounted in the initial decision, the proposing official testified that the suspension was intended to "try to get a good employee back" and the deciding official testified that he wanted to get the appellant to correct his inappropriate behavior. ID at 17. Based on her observation of this testimony, which she found was "specific, detailed, consistent with [the] record, and not inherently improbable," she found that the strength of the evidence weighed strongly in the agency's favor. ID at 17-18; *see Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (explaining that the Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so). The appellant offers no sufficiently sound reasons on review to upset the administrative judge's determination. Thus, we agree with the administrative judge that the record contains strong evidence in support of the agency's action.

¶16 Concerning the motive to retaliate on the part of the agency officials involved in the decision to suspend the appellant, the administrative judge found that they had little motive to retaliate against the appellant for his protected disclosure. ID at 18. In making this determination, she considered hearing testimony that problems with the Western DataCom contract were well known long before the appellant's whistleblowing activity and that it represented only a small fraction of the SBIR contracting budget. ID at 18-19; IAF, Tab 5 at 213. In addition, regardless of the general opprobrium associated with the failure of any particular contract, she found that, under such circumstances, the failure of the Western DataCom contract would not appear to be particularly unusual such that it would provide a significant motive for the individuals involved in the decision to discipline the appellant as a form of retaliation against him. ID at 18. We agree with the administrative judge's reasoning.

¶17 Additionally, given the appellant's assertion that 75% of such SBIR contracts fail, we find that it is no more likely for other agency officials, i.e., those responsible for the agency's performance overall, but neither directly involved in the decision to discipline the appellant nor directly implicated in his disclosure, to retaliate against him on account of his disclosure regarding the Western DataCom contract. *See Miller*, 842 F.3d at 1261-62 (finding that a proper *Carr* analysis must consider whether general criticism of managers and employees could motivate retaliation). Moreover, the administrative judge found the proposing official credible when he testified that the proposal to suspend the appellant was not motivated by his whistleblowing activities. ID at 19; *see Haebe*, 288 F.3d at 1301. Further, we find that the appropriateness of the penalty to the misconduct established, as noted above, belies any implication that the agency officials here had a strong motive to retaliate. Accordingly, we agree with the administrative judge's conclusion that the agency officials demonstrated little motive to retaliate.

¶18 On the third *Carr* factor, the administrative judge found that the appellant had not identified any similarly situated nonwhistleblowers who were treated more favorably than he was and that this factor therefore weighed in the agency's favor. ID at 19. This misstates the appropriate burden, as we are engaged here in examining the agency's case in support of its action. *See Carr*, 185 F.3d at 1323. Consistent with that endeavor, our reviewing court has observed that the agency, not the appellant, "bears the risk associated with having no evidence on record for this factor." *Miller*, 842 F.3d at 1262. Further, because it is the agency's burden of proof, when the agency fails to introduce relevant comparator evidence, the third *Carr* factor cannot weigh in its favor. *Smith v. General Services Administration,* 930 F.3d 1359, 1367 (Fed. Cir. 2019); *Siler v. Environmental Protection Agency*, 908 F.3d 1291, 1299 (Fed. Cir. 2018). Thus, we find that, contrary to the administrative judge's finding, this factor does not weigh in the agency's favor. ID at 19. Nevertheless, even if the absence of such evidence

could be found to "cut slightly against the Government," *Miller*, 842 F.3d at 1262, we are left with the firm belief that the agency would have taken the same action in the absence of the appellant's protected disclosure based on the strength of the evidence in support of its action and the lack of a strong motive on the part of agency officials to retaliate against the appellant for the protected disclosure identified in this IRA appeal. *See Carr*, 185 F.3d at 1326 (noting that the whistleblower protection statutes are not meant to protect employees from their own misconduct).

The appellant fails to establish that the administrative judge was biased or that she abused her discretion in conducting the proceedings.

¶19    The appellant also contends that the administrative judge was unfairly biased in the agency's favor. PFR File, Tab 1 at 9-12. He argues that the administrative judge denied him continuances to obtain counsel and to allow for a witness to testify, deleted evidence from the record, and abused the attorney‑client privilege to censor individual testimony and prevent disclosure of damaging information. *Id.* at 9-10. He also challenges the administrative judge's rulings on discovery and witnesses, contending that the administrative judge engaged in ex parte conversations with agency counsel, and complains that she denied his motion to move the hearing. *Id.* at 10-11.

¶20    Although the appellant sets forth several claims here, his contentions all involve the manner in which the administrative judge conducted this proceeding. An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362‑63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). As the following discussion indicates, the appellant's conclusory allegations, for which he offers little support, do not meet this standard. Moreover, in making a claim of bias, an appellant must overcome the

presumption of honesty and integrity on the part of the administrative judge. *E.g.*, *Protopapa v. Department of Transportation*, 14 M.S.P.R. 455, 459 (1983). The fact that the administrative judge does not accept the appellant's assertions or interpret testimony in the fashion the appellant claims is correct does not constitute bias. *Id*. Here, the appellant's contention of bias is not based on any evidence of record but rather only demonstrates his mere disagreement with the administrative judge. Thus, we find the appellant's claim of bias to be without merit.

¶21        Regarding the continuance the appellant sought so as to obtain counsel, the record reflects that his counsel withdrew on December 27, 2013, because the appellant had engaged him only for the mediation process, which had concluded. IAF, Tab 53. The administrative judge's order denying the appellant's July 10 and 11, 2016 motions to reschedule the hearing indicates that the appellant, who had proceeded pro se in the interim, IAF, Tab 71, raised the issue of needing new counsel, as well as a purported conflict, for the first time in that motion, which he filed following the prehearing conference and after agreeing to hearing dates, IAF, Tabs 66, 95, 99-100. Thus, the record reflects that the appellant had ample opportunity to obtain counsel and that he waited until the eve of the hearing to request a continuance. The record also reflects that the appellant received the witness subpoenas he sought on the day he requested them, over 10 days before the scheduled hearing, IAF, Tabs 93-94, and that, despite the appellant's failure to file prehearing submissions in accordance with the administrative judge's orders, the administrative judge nevertheless granted the witnesses for which the appellant provided the required information, IAF, Tab 89 at 18-23, Tab 92 at 5.

¶22        Importantly, the appellant fails to identify the specific witnesses on review that the administrative judge purportedly denied him or what their testimony would have entailed. Moreover, an administrative judge has wide discretion to control the proceedings, including the authority to exclude testimony she believes would be irrelevant, immaterial, or unduly repetitious. *Parker v. Department of*

*Veterans Affairs*, [122 M.S.P.R. 353](#), ¶ 21 (2015).  The appellant has not shown the administrative judge abused her discretion in denying his request for certain witnesses or in otherwise controlling the hearing-related proceedings.

¶23     An administrative judge also has broad discretion in ruling on discovery matters, and absent an abuse of discretion, the Board will not find reversible error in such rulings.  *E.g.*, *Kingsley v. U.S. Postal Service*, [123 M.S.P.R. 365](#), ¶ 16 (2016).  The appellant alleges that the administrative judge denied his motions to compel discovery, but he does not identify which of his several motions to compel that he is challenging here, nor does he attempt to argue why the administrative judge's denial was wrong.  PFR File, Tab 1 at 11.  The record reflects that the administrative judge denied the appellant's August 4, 2013 motion to compel because it failed to comply with the Board's discovery procedures but that she granted his motion to compel depositions.  IAF, Tabs 25-26, 37.  After a short suspension to allow the parties to engage in an ultimately unsuccessful attempt to mediate their dispute, IAF, Tabs 49, 51, the appellant filed several more motions to compel, IAF, Tabs 70, 77-79, 81, which the administrative judge also denied, finding that the appellant's requests were overly broad and that he sought materials that were either immaterial, irrelevant, or were not calculated to lead to the discovery of admissible evidence, IAF, Tab 87.  Nevertheless, regardless of which motion to compel the appellant is challenging, he has not shown that the administrative judge abused her considerable discretion in this regard.

¶24     The appellant submitted several documents with his petition for review, many of which were submitted below and none of which he asserts are new evidence that was unavailable despite his due diligence before the record closed.  PFR File, Tabs 1-10.  We have not considered them.  *Avansino v. U.S. Postal Service*, [3 M.S.P.R. 211](#), 214 (1980) (holding that the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due

diligence).  Lastly, he asserts that the agency is interfering with a request for leave under the Family and Medical Leave Act of 1993 that he submitted to his current employer at Camp Pendleton.  PFR File, Tab 2 at 17.  This claim is beyond the scope of this action, as it involves the appellant's current employer, not the respondent agency.  Moreover, there is no evidence to indicate that the appellant has exhausted his administrative remedies before OSC on this claim, such that it might be considered in the context of this IRA appeal.  *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                              /s/ for
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.